813 P.2d 350

**Janos MARIAS, Plaintiff–Appellant,**

v.

**Eugene A. MARANO, Defendant–Respondent.**

**No. 18413.**

Supreme Court of Idaho,
Coeur d'Alene, April 1991 Term.

June 26, 1991.

Rehearing Denied Aug. 6, 1991.

Evans, Keane, Koontz, Boyd, Simko & Ripley, Kellogg, for plaintiff-appellant. William F. Boyd, argued.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for defendant-respondent. Peter C. Erbland, argued.

McDEVITT, Justice.

## FACTS

In 1983, the plaintiff, Janos Marias, employed the defendant, Eugene Marano, to prepare a contract for the sale of Marias's interest in a partnership. Under the terms of the contract, the plaintiff was to retain a 50% interest in the partnership assets to secure the sale. In 1987, after the buyer had repeatedly failed to make the required payments, the plaintiff contacted another attorney to pursue his rights under the contract in either collecting the past due payments or repossessing the collateral. This attorney checked with the Secretary of State and found that the defendant had failed to file a financing statement to perfect the plaintiff's security interest in the partnership property. The buyer declared bankruptcy and the plaintiff was unable to repossess the partnership property as two banks, Northern State Bank and First Security Bank, had, subsequent to the contract between Marias and Schroeder, perfected liens in the property and were able to repossess.

Plaintiff then initiated the present action against the defendant. At trial, the defendant admitted that he breached the applicable standard of care by failing to file the financing statement to perfect the plaintiff's security interest in the partnership property. Although the defendant admits negligence, he has consistently maintained that his negligence was not the proximate cause of the plaintiff's damages.

## PROXIMATE CAUSE

Our standard of review in determining whether judgment notwithstanding the verdict (JNOV) is proper is the same as the standard used by the trial court in passing upon the original motion. Therefore, we review the record and draw all inferences in favor of the non-moving party to determine if there is substantial evidence to support the verdict. *Quick v. Crane*, 111 Idaho 759, 763, 727 P.2d 1187, 1191 (1986). We do not weigh the evidence or pass on the credibility of witnesses, nor do we make our own independent findings to compare to the jury's findings. Rather, we only determine whether there was substantial evidence upon which to base the verdict. *Id.*

■ The plaintiff also moved for a new trial "pursuant to Rule 59(a) of the Idaho Rules of Civil Procedure." The plaintiff's motion failed to specify under which subsection he was moving, nor did he allege specific facts in the record to support the motion. Because the plaintiff failed to allege grounds for a new trial with particularity, the trial court properly denied the motion for a new trial and we affirm the denial. *O'Dell v. Basabe,* 119 Idaho 796, 810 P.2d 1082 (1991); *Luther v. Howland,* 101 Idaho 373, 613 P.2d 666 (1980).

The crux of plaintiff's argument is twofold. First, plaintiff asserts that liability should have been determined *as a matter of law* because the defendant admitted negligence. Second, plaintiff asserts that the trial court erred in allowing the defendant to introduce evidence as to plaintiff's failure to pursue his rights under the contract earlier and also the value of the collateral securing the loan. Plaintiff contends that this evidence would have only been admissible had the defendant affirmatively asserted the defenses of contributory negligence, failure to mitigate, or intervening supervening cause. We disagree.

■ The elements of a legal malpractice action are: (1) the existence of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the failure to perform that duty; and (4) the failure to perform the duty must be a proximate cause of the injuries suffered by the client. *Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982). Proximate cause consists of two factors, cause in fact and legal responsibility. *Munson v. State, Department of Highways,* 96 Idaho 529, 531 P.2d 1174 (1975). Without proximate cause there is no liability for negligence. *Lundy v. Hazen,* 90 Idaho 323, 411 P.2d 768 (1966).

■ While the defendant admitted that his conduct breached the applicable standard of care and that the plaintiff suffered damages, the defendant disputed that his actions were a proximate cause of the plaintiff's damages. Although the defendant admitted negligence, liability could not be established as a matter of law as there remained unresolved questions of fact pertaining to the proximate cause of plaintiff's damages.

The district court gave the following jury instruction dealing with proximate cause:

When I use the expression "proximate cause," I mean a cause which, in natural and probable sequence, produced the complained injury, loss or damage, and but for that cause the damage would not have occurred. It need not be the only cause. It is sufficient if it is a substantial factor in bringing about the injury, loss or damage. It is not a proximate cause if the injury, loss or damage likely would have occurred anyway.

This instruction is identical to IDJI 230. We have held that IDJI 230 is a correct statement of the law. *Hilden v. Ball,* 117 Idaho 314, 787 P.2d 1122 (1989). The trial court correctly instructed the jury as to proximate cause.

■ The trial court's instruction on proximate cause is important when considering plaintiff's contention that the trial court erred in allowing the defendant to introduce evidence as to plaintiff's failure to pursue his rights under the contract earlier when the buyer, on numerous occasions, failed to make the payments provided in the contract and evidenced as to the value of the collateral securing the loan. The plaintiff's contention is without merit. This evidence was relevant to enable the trier of fact to determine the proximate cause of plaintiff's damages. The trial court did not err in admitting this evidence.

Our review of the record finds that there does exist substantial evidence upon which a jury could find that the defendant's negligence was not a proximate cause of the plaintiff's damage. Therefore, we affirm the decision of the district court.

Costs to respondent.

BAKES, C.J., concurs.

JOHNSON, Justice, concurring in the result.

I agree that the judgment of the trial court should be affirmed. I would premise this result, however, on the fact that Ma-

**14**

rias requested the proximate cause instruction given by the trial court. Proximate cause was a jury question and should have been presented to the jury on the basis of the evidence presented and the positions taken by the parties. Marano relied, in part, on the fact that Marias had himself been negligent by allowing defaults to continue and not taking action against the buyer at an earlier time.

In my view, the proximate cause instruction requested by Marias, which was the first paragraph of IDJI 230 (July 1987), incorrectly included the "but for" requirement, because the jury could have concluded this was a case involving multiple causes. In the case of multiple causes, the second paragraph of IDJI 230 (July 1987) more correctly states the issue that should have been presented to the jury:

> There may be one or more proximate causes of an injury. When the negligent conduct of two or more persons contributes concurrently as substantial factors in bringing about an injury, the conduct of each may be a proximate cause of the injury regardless of the extent to which each contributes to the injury.

Although in this appeal Marias characterizes the issues in terms of failure of the trial court to grant a directed verdict, a judgment notwithstanding the verdict, or a new trial, as I see the case, the error was that the proximate cause instruction was improper for a multiple cause case. Because Marias requested the instruction, I would affirm.

BOYLE, J., concurs.

BISTLINE, Justice, dissenting.

Advice is worth what you pay for it, but nevertheless I strongly recommend to the trial court bar that it become more involved and concerned with this Court's rule promulgating procedures. Court recommended instructions are not a boon to the profession. Better the Supreme Court stick to its appellate function.

In earlier days in the Idaho practice of law attorneys submitted requested instructions which gave the court the benefit of those proposed instructions, plus it prepared instructions of its own. When there was a question on appeal relative to instructions, the Supreme Court ruled, and in that way instructions were formulated. Being unable to see how this case, or any case for that matter, should be wholly governed by *Hilden v. Ball,* and in particular the "but for" instruction contained therein, I do not join the Court's opinion. *Hilden,* 117 Idaho 314, 319, 787 P.2d 1122, 1127 (1989). On rereading the *Hilden* opinion, I fail to see that this Court *held* that "IDJI 230 is a correct statement of the law." West Publishing Company did not see it as a holding. It is an abomination arising out of an aberration, as was well pointed out in my initial dissent to the initial opinion and my dissent to the opinion on rehearing. *See Hilden v. Ball,* 117 Idaho at 318–33, 338–43, 787 P.2d at 1126–41, 1146–51.