993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. BROWN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35354.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 6, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert J. Brown appeals pro se the district court's dismissal of his Federal Tort Claims Act (FTCA) action against the United States for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Brown contends the United States, acting by and through the Department of Veteran Affairs, negligently misdiagnosed his medical condition, causing him to commit four criminal felonies, which, in turn, caused him to suffer severe financial and emotional distress. He further contends the district court erred by denying him a jury trial as guaranteed by the Seventh Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal of Brown's action for failure to state a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We construe all allegations of material fact in the complaint as true and view them in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). "Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989) (quotations omitted).
 
 
 4
 * Failure to State a Claim
 
 
 5
 Under the FTCA, the United States waives its sovereign immunity and assumes liability for injuries actionable in tort if a private party in the same circumstances would be liable under the law of the state in which the injury occurred. 28 U.S.C. §§ 1346(b), 2671-2680; Love, 915 F.2d at 1245.
 
 
 6
 In Idaho, a party bringing an action for negligence must show "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A., 804 P.2d 900, 904-05 (Idaho 1991). A court analyzing a negligence question must weigh both the factual and the proximate or legal cause of the injury. Munson v. State, 531 P.2d 1174, 1176 (Idaho 1975). A party may not be held liable in negligence in the absence of proximate cause. Marias v. Marano, 813 P.2d 350, 352 (Idaho 1991). Although the resolution of the factual cause of an injury is usually put before a jury, "the court may perform that function as a matter of law when the undisputed facts can lead to only one reasonable conclusion." Munson, 531 P.2d at 1176. A party who acts negligently will not be held liable if the injury complained of resulted from an "extraordinary action which was unforseen, unanticipated and not the probable consequence of the defendant's original negligence." Stephens v. Stearns, 678 P.2d 41, 48 (Idaho 1984). In that case, the intervening occurrence will be deemed to have superceded defendant's original negligence. Id.
 
 
 7
 Here, Brown, who apparently suffers from "manic depressive bipolar disorder," alleged that on June 28, 1990, he visited the Veterans Administration (VA) Regional Medical Center (RMC) in Boise, Idaho, complaining of a severe headache. After waiting for two hours, he was seen by Heidi Layher, a physician's assistant. Layher allegedly was not sympathetic, and declined to treat Brown because his problem was not "service related." Brown left the hospital "suffering from additional emotional distress from the disappointment caused by the denial of medical treatment." As a result of this visit, according to Brown, he suffered a relapse of his manic depressive condition, which "broke through" the medication used to treat it. This relapse, Brown alleges, caused him to commit four felonies including one count of grand theft firearms, and three counts of fraud, on June 29, 1990, and June 30, 1990.
 
 
 8
 Brown was arrested on June 30, 1990 and remained incarcerated in county jail for five days. On January 7, 1991, Brown pleaded guilty to one count of the felony charges. He was sentenced to a suspended three year prison term and three years of probation, and he was ordered to pay $7,094.30 in restitution to the crime victims. Brown alleges that as a result of his arrest he was forced to plead guilty, he lost his job, and his reputation in the community has been permanently tarnished.[1] Brown filed this action on September 18, 1991 seeking damages of $1,094,000.00 plus interest, and $500,000.00 plus interest in punitive damages.
 
 
 9
 Here, the district court did not err by dismissing Brown's action for failure to state claim. Assuming arguendo that Layher breached her duty to Brown by failing to treat his headache, Layher could not reasonably have foreseen that Brown would engage in criminal conduct as a result of her failure to treat his headache and her lack of sympathy. See Stephens, 678 P.2d at 48. Brown failed to show any causal connection between that lapse and the injuries he suffered as result of the criminal activity he engaged in beginning eighteen hours after his visit to the VA hospital. See Black Canyon Racquetball Inc., 804 P.2d at 904-05. In the absence of a causal connection, the United States is not liable in negligence. See Marias, 813 P.2d at 352. Accordingly, we find the district court did not err by dismissing Brown's action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. See Love, 915 F.2d at 1245.[2]
 
 II
 Right to Trial by Jury
 
 10
 Brown contends the district court violated the Seventh Amendment by refusing to grant him a jury trial.[3] This contention has no merit.
 
 
 11
 The Seventh Amendment guarantees a jury trial in suits at common law, where the value in controversy exceeds twenty dollars. U.S. Const. amend. VII. An action brought under the FTCA, however, is not a suit at common law, and a party bringing an action under the FTCA is not entitled to a jury trial. 28 U.S.C. § 2402; In re Consolidated U.S. Atmospheric Testing Litig., 820 F.2d 982, 992 (9th Cir.1987), cert. denied, 485 U.S. 905 (1988), (citing Glidden Co. v. Zdanok, 370 U.S. 530, 572 (1962)).
 
 
 12
 Here, Brown is not entitled to a jury trial because he brought this action pursuant to the FTCA, which is not a suit at common law under the Seventh Amendment.[4] See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Brown ties the loss of his job to his arrest, he clearly states that he lost his job, not because he was arrested, but because a doctor placed him on new medication which required a prolonged stay in the hospital for observation
 
 
 [2]
 After judgment was entered, but before Brown filed his notice of appeal, he moved the court for leave to amend his complaint. The court denied Brown's motion on the ground that the motion was filed after the court had dismissed his original complaint with prejudice. We need not address this issue as Brown does not raise it on appeal. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [3]
 Brown moved the district court to declare that 28 U.S.C. § 2675(a) is unconstitutional because it contravenes the Seventh Amendment right to trial by jury
 
 
 [4]
 On April 16, 1992, Brown filed "Six Objections to Administrative Actions of U.S. District Court." These "Objections" do not raise any issues warranting relief from this court. Accordingly, Brown's "Objections" are denied