974 P.2d 70

**Kim BLOUGH, Plaintiff–Appellant,**

v.

**William H. WELLMAN, Defendant–Respondent.**

**No. 24333**

Supreme Court of Idaho, Boise, December 1998 Term.

Feb. 12, 1999.

Ellis, Brown, & Sheils, Chdt., Boise, for appellant. Allen B. Ellis argued.

Brassey, Wetherell, Crawford & McCurdy, Boise, for respondent. J. Nick Crawford argued.

WALTERS, Justice.

Kim Blough appeals from the summary judgment entered against him on his complaint for damages resulting from alleged legal malpractice brought against William Wellman, his former attorney and business partner in the Airport Business Center Partnership. Because we conclude that a genuine issue of material fact exists as to whether there was an attorney/client relationship between Blough and Wellman, we vacate the judgment, and remand the matter for further proceedings in the district court.

## FACTS AND PROCEDURAL BACKGROUND

Beginning in 1983, Kim Blough retained the services of William Wellman with respect to various legal matters. In 1987, Blough contacted Wellman regarding a zoning prob-

lem with the auto dismantling business Blough was operating at his residence, and Wellman wrote a letter to the Nampa City Council on Blough's behalf. Blough then embarked on a search for a parcel of real estate where he could relocate his dismantling business; his plan was to form a partnership to purchase the property which he would then rent from the partnership. Wellman drafted a partnership agreement for the purposes of purchasing and managing the property described in the escrow agreement signed by Blough in April 1987. The partnership agreement was signed on May 31, 1987, by Blough and Wellman, who became a twenty percent owner, and three others. Except for drafting the partnership agreement, Wellman did not perform any other legal services related to the partnership and did not represent Blough again individually after 1989.

In 1994, acting on behalf of himself and three other partners, Wellman sought to dissolve the partnership and entered into an option contract to sell his partnership interest, causing a lien to be recorded against the partnership property. When Blough attempted to obtain a zoning change for the benefit of his auto dismantling business in 1996, Wellman attended a meeting of the Nampa City Council and advised against granting the zoning change to the partnership property. These actions by Wellman led Blough to file suit seeking damages for legal malpractice which allegedly contributed to financial losses incurred by Blough.

In his complaint, Blough asserted that Wellman had breached his fiduciary duty of loyalty to his client not to represent an interest, even the attorney's personal interest, that was materially adverse to Blough's interests. Blough claimed that by initiating dissolution of the partnership in 1994 and by speaking against a proposed zoning change to the partnership property in 1996, Wellman had breached his duty of loyalty. Blough also asserted claims of negligence against Wellman for causing a lien to be recorded against the partnership property in connec-

tion with an option contract entered into by Wellman to sell his partnership interest and for "failing to cooperate and assist plaintiff (Blough) in the operation of the partnership and marketing of the partnership property."

Wellman answered, admitting that he had performed certain legal services for Blough beginning in 1983. Wellman denied that he had prepared the partnership agreement for Blough or ever charged him for it, and he indicated that he did not represent Blough in personal matters after 1989. Wellman thereafter filed a motion for summary judgment claiming that he was entitled to judgment as a matter of law on Blough's complaint. On October 16, 1997, the district court issued an opinion and order awarding summary judgment to Wellman. Blough moved the district court to reconsider its decision, but the district court denied the motion. Blough then filed a notice of appeal from the judgment.

## STANDARD OF REVIEW

Summary judgment must be entered when the pleadings, depositions, admissions on file and affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Roell v. Boise City,* 130 Idaho 197, 938 P.2d 1237 (1997). The Court liberally construes the record in the light most favorable to the party opposing the motion and draws all reasonable inferences and conclusions in that party's favor. *Id.* If reasonable persons could reach different conclusions or draw conflicting inferences from the evidence, the motion should be denied. *Id.* Absent disputed issues of material facts, the appellate court exercises free review over the matter. *Friel v. Boise City Housing Authority,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

## ANALYSIS

■ Following the summary judgment hearing, the district court concluded that Blough failed to make a prima facie case of legal malpractice,[1] after finding that no attor-

---

1. The elements of a legal malpractice action are: (1) the existence of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the breach of the duty or of the standard of care by the lawyer; and (4) the failure to perform the duty must have been a

ney/client relationship existed between Wellman and Blough which was substantially related to the partnership after its formation. Based on its finding, the district court also distinguished this case from *Damron v. Herzog*, 67 F.3d 211 (9th Cir.1995), relied upon by Blough, in which an attorney who interposed himself into a matter "substantially related" to that for which he was previously retained by the client was held to have created a situation in which the attorney-client relationship "re-attached." The district court made a finding, without elaboration, that there was no attorney/client relationship to which the duty of loyalty could re-attach.

On appeal, Blough argues that Wellman owed him a continuing duty of loyalty as a former client who sought advice on a zoning problem that led to a discussion between Blough and Wellman regarding the purchase of real property, the appropriate business entity under which to acquire the real property and the relocation of Blough's business onto such property. Blough further contends that Wellman's duty of loyalty to him was not suspended when Wellman became a business partner with Blough in the partnership and that the duty was breached by Wellman's 1994 and 1996 activities which Blough maintains were adverse to his interests in the partnership.

■ The relationship of client and attorney is one of trust, binding an attorney to the utmost good faith in fair dealing with his client, and obligating the attorney to discharge that trust with complete fairness, honor, honesty, loyalty, and fidelity. *Beal v. Mars Larsen Ranch Corp., Inc.*, 99 Idaho 662, 667, 586 P.2d 1378, 1383 (1978). For a breach or violation of those professional duties, the client may hold the attorney liable or accountable. *Id.* at 667–78, 586 P.2d at 1383–84. Rule 1.7(b) of the Idaho Rules of Professional Conduct mandates that a lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interest. Loyalty to a client prohibits

undertaking representation directly adverse to that client without the client's consent. IDAHO RULES OF PROFESSIONAL CONDUCT 1.7 comment (1986). Because Blough alleged breaches of Wellman's duty of loyalty, we examine the scope of the parties' relationship which necessarily depends on the facts of a particular engagement or transaction. *See Johnson v. Jones*, 103 Idaho 702, 652 P.2d 650 (1982) (Scope of the attorney's contractual duty to a client is defined by the purposes for which the attorney is retained.).

■ In his initial affidavit in support of his motion for summary judgment, Wellman admitted having performed certain legal services for Blough prior to May of 1987, when the partnership agreement was drafted, although he denied the existence of an attorney/client relationship between himself and Blough with respect to anything having to do with the partnership. In a second affidavit, Wellman testified that, pursuant to stipulation dated September 7, 1989, and at the direct request of Blough, he withdrew as counsel for Blough in the last case in which he had represented Blough. In a third affidavit in support of the motion for summary judgment, Wellman identified the various legal matters he had handled on Blough's behalf. Wellman averred that he was engaged by Blough in April 1997 to respond to a 1986 notification from the Nampa Planning and Zoning Director regarding zoning issues with respect to Blough's auto dismantling business which he was then operating in a residential zone. Wellman testified that he had also been hired by Blough to handle a paternity dispute, minor traffic offenses and a contractual dispute. Wellman again denied providing any legal services or advice to Blough in connection with Blough's proposed partnership and characterized his involvement in the partnership as a business transaction with his former client.

Blough asserted in his opposing affidavit that, as advised by Wellman in April 1987, he looked for a suitably zoned location for his business to comply with the zoning restric-

proximate cause of the damages suffered by the client. *Lamb v. Manweiler*, 129 Idaho 269, 272, 923 P.2d 976, 979 (1996); *Marias v. Marano*, 120

Idaho 11, 13, 813 P.2d 350, 352 (1991); *Johnson v. Jones*, 103 Idaho 702, 706, 652 P.2d 650, 654 (1982).

# 427

tions being enforced against him by the City of Nampa. Blough testified in his affidavit that having entered into an escrow agreement on some Garrity Boulevard property, he asked Wellman to prepare a partnership agreement for the purpose of owning and developing the real estate onto which he intended to relocate his auto dismantling business.

In light of Blough's affidavit, a factual issue as to whether or not Wellman represented Blough on partnership matters was placed squarely before the district court. Such factual determinations are not the province of the trial court on a summary judgment motion. I.R.C.P. 56(c); *Thomson v. Idaho Ins. Agency, Inc.*, 126 Idaho 527, 529, 887 P.2d 1034, 1036 (1994); *Friel v. Boise City Housing Authority*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). In the setting of a summary judgment, it has also been held that the trial court should refrain from weighing conflicting evidence. *Dunlop ex rel. Dunlop v. Garner*, 127 Idaho 599, 605, 903 P.2d 1296, 1302 (1995). We conclude, therefore, that Wellman was not entitled to summary judgment in his favor where Blough has established a genuine issue of material fact regarding the existence of an attorney/client relationship with regard to the partnership.

Only after evidence is heard on the extent of disclosure made by Wellman when he entered into a business transaction (the partnership) with his client, where their interests may differ and where the client looks to the attorney to exercise his professional judgment on behalf of the client, can the attorney's duties be delimited and his subsequent conduct regarding the partnership be measured against the appropriate standards. *See In Re May*, 96 Idaho 858, 861, 538 P.2d 787, 790 (1975); IDAHO RULES OF PROFESSIONAL CONDUCT 1.8, 1.9 (1986). Then, the ultimate question to be answered by the factfinder will be whether Wellman's efforts in 1994 toward the dissolution of the partnership and his opposition in 1996 to Blough's request for a zoning change to the partnership property can be construed as "interests materially adverse to the former client's interests."

## CONCLUSION

The judgment entered on Wellman's motion for summary judgment is hereby vacated and the case is remanded to the district court for further proceedings.

Costs to appellant Blough; no attorney fees are awarded.

Chief Justice TROUT, Justices SILAK, SCHROEDER and JOHNSON, Pro Tem, CONCUR.