Terri HARRIGFELD; Sara Harrigfeld, Plaintiffs–Appellants,

v.

J.D. HANCOCK; Hancock & Zollinger, a partnership, Defendants– Appellees.

No. 01–35525.

United States Court of Appeals, Ninth Circuit.

Jan. 30, 2003.

Allen B. Ellis, Esq., Ellis, Brown & Sheils, Boise, ID, for Plaintiff–Appellant.

Thomas B. High, Esq., Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, ID, for Defendant–Appellee.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

## ORDER CERTIFYING QUESTION OF LAW TO THE IDAHO SUPREME COURT

### ORDER

Terri Harrigfeld and Sarah Harrigfeld (collectively "the Harrigfelds") appeal from an order of the United States District Court for the District of Idaho granting summary judgment on their legal malpractice claim to defendant-appellees J.D. Hancock ("Hancock") and the law firm Smith, Hancock & Zollinger (collectively "the Defendants") on the ground that no attorney-client relationship existed between the Harrigfelds and the Defendants. We vacate submission and certify the legal question dispositive of this appeal to the Idaho Supreme Court.

I

Because resolution of this appeal depends on a question of Idaho law and we find no controlling precedent in the decisions of the Idaho Supreme Court, pursuant to Rule 12.2 of the Idaho Appellate Rules we respectfully request the Idaho Supreme Court to exercise its discretion to

accept certification of the following legal question:

Is a direct attorney-client relationship required to exist between the plaintiff and the attorney-defendant in a legal malpractice action when the plaintiff alleges to be an intended beneficiary of testamentary instruments drafted by the attorney-defendant for a third-party testator?

A determination of Idaho law with regard to the certified question would resolve the issues pending before this court and would determine whether the litigation in the district court will resume.

II

Hancock, a partner in Smith, Hancock & Zollinger, prepared a will for Delilah Henry ("Testator") at her request in December 1992. Hancock subsequently prepared three codicils to the will at the Testator's request in February 1995, May 1995, and October 1996, each of which expressly revoked any and all prior codicils. The Testator died in October 1997, a year after executing the third and final codicil. Terri Harrigfeld served as the personal representative of the will and formal probate proceedings were still pending at the time the district court entered final judgment in this case. The Defendants did not represent the Harrigfelds during probate or at any other time, and the Harrigfeld's status as non-clients is not disputed.

The Harrigfelds filed a legal malpractice claim against the Defendants in the district court, alleging that Hancock's preparation of the codicils failed to effectuate the Testator's intent, causing the Harrigfelds to take less under the will than the Testator intended. Recognizing that whether will beneficiaries could maintain a legal malpractice action against the attorney who drafted the testamentary instruments was an issue of first impression under Idaho law, Magistrate Judge Boyle, recommended that the district court grant the Defendants' motion for summary judgment because there was no attorney-client relationship between the Harrigfelds and the Defendants, citing *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 4, 981 P.2d 236, 239 (Idaho 1999). In *Sun Valley Potatoes*, the Idaho Supreme Court declared:

To establish a claim for legal malpractice, Sun Valley must prove (1) it had an attorney-client relationship with RR & T; (2) the existence of a duty on the part of RR & T; (3) that RR & T breached that duty; and (4) that RR & T's failure to perform the duty proximately caused Sun Valley's damages.

*Sun Valley Potatoes*, 133 Idaho at 4, 981 P.2d at 239 (citing *Lamb v. Manweiler*, 129 Idaho 269, 272 923 P.2d 976, 979 (Idaho 1996)). The district court adopted the magistrate judge's recommendation and entered final judgment on May 14, 2001.

The Harrigfelds argue on appeal to this court that the district court erred in applying (via Magistrate Judge Boyle's recommendation) the elements of a legal malpractice claim as stated in *Sun Valley Potatoes*. Pointing out that the "attorney-client relationship" was not an issue in *Sun Valley Potatoes*, they claim that the Idaho Supreme Court's recitation of that element was mere dicta because it changed the wording of the element as previously enunciated by that court. *See Johnson v. Jones*, 103 Idaho 702, 706, 652 P.2d 650, 654 (Idaho 1982) (stating the first element merely as "the existence of an attorney-client relationship"); *Marias v. Marano*, 120 Idaho 11, 13, 813 P.2d 350, 352 (Idaho 1991) (same); and *Lamb*, 129 Idaho at 272, 923 P.2d at 979 (stating the first element as "the creation of an attorney-client relationship"). This argument finds support in the Idaho Supreme Court's more recent decision in *Jordan v. Beeks*, 135 Idaho 586, 590, 21 P.3d 908, 910–11 (Idaho 2001), re-

citing the "attorney-client" element exactly as stated in *Lamb*, with no reference to *Sun Valley Potatoes*. However, the Idaho Supreme Court has never addressed the scope of the "attorney-client relationship" element. Arguably, *any* specific recitation of the "attorney-client" element therefore could be considered dicta.[1]

The Harrigfelds argue that under the wording used in *Lamb*, *Marias*, and *Johnson*, the "attorney-client" element could be satisfied through "the existence of an attorney-client relationship" between the *Testator* and the Defendants. Based on this interpretation, the "attorney-client relationship" need not exist directly between the Harrigfelds and the Defendants.

On the other hand, a direct attorney-client relationship either obviously existed or was assumed to exist in legal malpractice cases previously reviewed by the Idaho Supreme Court. *See Johnson*, 103 Idaho at 704, 652 P.2d at 652 (the Court assumed *arguendo* that the relationship existed and affirmed summary judgment in favor of the attorney-defendant on other grounds); *Marias*, 120 Idaho at 12–13, 813 P.2d at 351–52 (attorney defendant had prepared a contract for the plaintiff); *Lamb*, 129 Idaho at 271, 923 P.2d at 978 (attorney-defendant had represented the plaintiff in a criminal matter); *Jordan*, 135 Idaho at 588–89, 21 P.3d. at 910–11 (attorney-defendant had represented plaintiff in a contract dispute).

Thus, the differences between the "attorney-client" element as stated in *Sun Valley Potatoes* and as stated in the other Idaho Supreme Court cases could support opposing conclusions by this court. Further, this court recognizes that Idaho law may allow a broader view of the "attorney-client" element in the will beneficiary context. Because the scope of the attorney-client relationship for purposes of legal malpractice is an important issue of Idaho law, and because the parties lack a right of appeal to the Idaho Supreme Court, the proper resolution of this appeal would be best served by a ruling from that court on this unsettled question of Idaho law.

## III

The clerk of this court shall forward a copy of this order, under official seal, to the Idaho Supreme Court. The parties shall notify the clerk of this court within 14 days of any decision by the Idaho Supreme Court to accept or to decline certification. If the Idaho Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that court's opinion. Submission of the questions presented in this appeal is hereby vacated pending the Idaho Supreme Court's response to this request.

**SUBMISSION VACATED AND QUESTION CERTIFIED.**

---

1. The recent case of *Allen v. Stoker*, 61 P.3d 622 (Ida.App. 2002), is unhelpful to the dispositive question in this case. There, the Idaho Court of Appeals rejected a negligence claim brought by non-client beneficiaries of an estate against the attorney of the personal representative of the estate. The court expressly distinguished defective will cases from the case before it in which the decedent's heirs were suing counsel for the personal representative of the estate. *Id.* at 624. It noted that even in states in which an intended beneficiary may sue a negligent attorney for an improperly drafted will, no similar duty can be impressed on an attorney for a personal representative because of the conflict of interest involved. *Id.*