**Terri HARRIGFELD; Sara Harrigfeld, Plaintiffs–Appellants,**

v.

**J.D. HANCOCK; Hancock & Zollinger, a partnership, Defendants–Appellees.**

No. 01–35525.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Filed April 5, 2004.

Allen B. Ellis, Ellis, Brown & Sheils, Boise, ID, for the plaintiffs-appellants.

Thomas B. High, Benoit, Alexander, Harwood, High & Butler, L.L.P., Twin Falls, ID, for the defendants-appellees.

Before: WALLACE, TROTT, and TASHIMA, Circuit Judges.

TROTT, Circuit Judge:

On January 30, 2003, we filed, pursuant to Rule 12.2 of the Idaho Appellate Rules, an order tendering certification of a ques-

tion of law to the Idaho Supreme Court. *Harrigfeld v. Hancock,* 317 F.3d 1094 (9th Cir.2003). In so doing, we requested the Idaho Supreme Court to exercise its discretion in favor of accepting certification, which that court did on March 21, 2003. The legal question certified and accepted was as follows:

> Is a direct attorney-client relationship required to exist between the plaintiff and the attorney-defendant in a legal malpractice action when the plaintiff alleges to be an intended beneficiary of testamentary instruments drafted by the attorney-defendant for a third-party testator?

On February 27, 2004, we received from the Clerk of the Court a certified copy of the Remittitur finalizing the Supreme Court's opinion issued on January 29, 2004. The court unanimously held as follows:

> A direct attorney-client relationship is required to exist between the plaintiff and the attorney-defendant in a legal malpractice action except in this very narrow circumstance. An attorney preparing testamentary instruments owes a duty to the beneficiaries named or identified therein to prepare such instruments, and if requested by the testator to have them properly executed, so as to effectuate the testator's intent as expressed in the testamentary instruments. If, as a proximate result of the attorney's professional negligence, the testator's intent as expressed in the testamentary instruments is frustrated in whole or in part and the beneficiary's interest in the estate is either lost, diminished, or unrealized, the attorney would be liable to the beneficiary harmed even though the attorney did not have a direct attorney-client relationship with that beneficiary.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

*Harrigfeld v. Hancock,* S.Ct. No. 29445, 2004 slip op. No. 3 at 7, —— Idaho ——, —— P.3d ——, 2004 WL 169817 (Idaho Jan. 29, 2004).

After receipt of the Idaho Supreme Court's answer to our certified question, we asked the parties to submit letter briefs containing their respective views of the effect of the Court's holding, and we received in return a gracious concession from counsel for the Harrigfelds that under Idaho law, the plaintiffs lack standing to sue this defendant for malpractice.

Consequently, we affirm the judgment of the district court granting summary judgment against the plaintiffs and dismissing their complaint in its entirety.

AFFIRMED.