21 P.3d 908

**Chris and Betsy JORDAN, husband and wife, and Chris Jordan Volkswagen, Inc., Plaintiffs–Appellants,**

v.

**Paul BEEKS, individually, and Smith, Beeks & Hodges, P.L.L.C., Defendants–Respondents.**

No. 25592.

Supreme Court of Idaho, Boise, December 2000 Term.

March 29, 2001.

Jones, Gledhill, Hess, Andrews, Fuhrman, Bradbury & Eiden, P.A., Boise, for appellants. Rory R. Jones argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondents. Mark S. Prusynski argued.

WALTERS, Justice.

This is an appeal from a decision of the district court awarding summary judgment to attorney Paul Beeks and the law firm of Smith, Beeks & Hodges, P.L.L.C., in the legal malpractice action brought by Chris and Betsy Jordan. We affirm the district court's decision.

## FACTS AND PROCEDURAL BACKGROUND

### A. Facts

Chris and Betsy Jordan, husband and wife, hired attorney Beeks for advice regarding the enforceability of an oral agreement entered into with Carl and Margaret Anderson, husband and wife, and Greg Anderson, Carl's son. Chris Jordan is the son of Margaret Anderson. The Jordans informed attorney Beeks that the oral agreement was reached at the June 17, 1994, shareholders' meeting of Chris Jordan Volkswagen, Inc., whereby the Andersons agreed to sell all of their stock in the closely held corporation to the Jordans at a fixed price per share. The Jordans provided to attorney Beeks all of the documents in their possession regarding the sale of the dealership; however, the Stock Purchase Agreement that had been signed on December 8, 1994, by the Jordans and Carl and Margaret Anderson, but not by Greg Anderson, was retained by Russell Kvanvig, the Andersons' attorney who had prepared the agreement.

Attorney Beeks advised the Jordans that in his opinion the parties had reached an enforceable oral agreement in June of 1994. He recommended filing a lawsuit to enforce the agreement, naming as defendants in the action Carl and Margaret Anderson but not Greg Anderson, the minority shareholder. Before filing suit, however, attorney Beeks sent a letter to Greg Anderson on January 23, 1995, which read as follows:

> Chris Jordan has contacted me with regard to the potential purchase of your stock in Chris Jordan Volkswagen, Inc. I have a copy of the minutes of the June 17, 1994, annual meeting where it was agreed that Chris and Beth would purchase your and Carl's and Margaret's outstanding stock for $281.00 per share.
>
> You apparently have never actually committed to that sale. Chris asks that I contact and determine whether you are willing to sell your stock on the same terms as agreed with Carl and Margaret.
>
> According to the information I have, the sales price was to be $281.00 per share. Stock was to be paid for in annual installments commencing July 1, 1998, with interest at 8% commencing on July 1, 1996.
>
> If you are agreeable, we will have the necessary documents prepared so that the sale can be completed. If not, please let me know so that we can drop the matter.

Greg Anderson responded to the letter of January 23, 1995, indicating that he had consulted an attorney and would not sell his shares pursuant to the terms agreed to at the June 17, 1994, shareholders' meeting. Attorney Beeks then proceeded with the lawsuit but only as against Carl Anderson and the Estate of Margaret Anderson.[1] Greg Anderson thereafter sought and was granted leave from the district court to intervene in the action.

In the shareholder litigation, the parties submitted cross-motions for summary judgment. Judge Burdick heard the parties' arguments and issued findings and conclusions:

---

1. Margaret Anderson had passed away in the meantime, in April 1995.

(1) The oral agreement concerning the sale of stock was not an enforceable agreement because a written agreement was both contemplated and intended to be the binding contract.

(2) The stock purchase agreement that was signed by all the parties except Greg Anderson was not fully performed and therefore was unenforceable.

(3) The stock purchase agreement was not divisible and required the sale of all the stock of Carl, Margaret, and Greg, referred to in the agreement collectively as the "Sellers."

(4) The condition precedent, "final documents acceptable to our attorney," was not satisfied in that Greg Anderson's attorney advised against the sale.

The Jordans appealed from the summary judgment entered by Judge Burdick, but subsequently withdrew their appeal. As an alternative, they obtained new counsel to pursue an action against their former attorney, Paul Beeks, for negligent representation and legal malpractice in the handling of the shareholder litigation.

## B. Procedural background

In their complaint against attorney Beeks and his law firm, the Jordans alleged various negligent acts of counsel. They claimed that counsel breached the standard of care due to them and that counsel's negligent acts were the proximate cause of the Jordans' failure to prevail in the shareholder litigation to enforce the sale of the stock belonging to Carl, Margaret and Greg Anderson under the terms set forth in the June 17, 1994, minutes of the shareholders' meeting. Specifically, the Jordans alleged that attorney Beeks was negligent (1) when he sent the January 23, 1995, letter to Greg Anderson, which was contrary to his clients' position; (2) in filing suit only as against Carl and the Estate of Margaret Anderson; and (3) in not conducting full discovery and not submitting the testimony of the CPA who was present at the shareholders' June 17, 1994, meeting to corroborate Chris Jordan's testimony.

The defendants moved the district court for summary judgment on October 26, 1998.[2] In the colloquy of the hearing on the motion, the district court analyzed the decision of Judge Burdick in the underlying shareholder litigation. Addressing the individual allegations of attorney negligence asserted by the Jordans against attorney Beeks, the district court (Judge McKee) concluded that the January 23, 1995, letter was irrelevant to Greg Anderson's intent to abide by the terms of the agreement and not the basis of Judge Burdick's determination that the agreement was non-binding until it was put into writing and approved by the Andersons' counsel; that there were no disputed facts that would have been raised by the affidavit of Gary Evans, CPA, which was cumulative of the evidence presented by the Jordans as to what transpired at the shareholders' meeting; and that any prejudice caused from failing to name Greg Anderson as a defendant in the shareholder litigation was rendered moot when his motion to intervene was granted. Finding that the alleged actions and omissions of attorney Beeks were not the proximate cause of the damages asserted by the Jordans, the district court granted summary judgment to the defendants.

The Jordans moved for reconsideration of the summary judgment, which the district court denied. The Jordans filed a timely notice of appeal from the summary judgment and from the denial of the reconsideration motion. They assert on appeal that the district court improperly weighed the evidence in reviewing Judge Burdick's decision and applied an incorrect standard by failing to consider whether the Jordans had "some chance of success" in the underlying shareholder litigation but for attorney Beeks's alleged negligent acts and omissions.

## STANDARD OF REVIEW

When this Court reviews a district court's grant of summary judgment, it uses the same standard properly employed by the district court originally ruling on the motion.

2. The Jordans presented a cross-motion seeking summary judgment on the defendants' affirmative defense that the complaint was not filed within the applicable statute of limitation. This matter, however, is not raised in the appeal.

*McKay v. Owens,* 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). Under I.R.C.P. 56(b), a party against whom a claim is asserted may at any time, move for summary judgment. Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). On a motion for summary judgment, the burden is always on the moving party to prove the absence of a genuine issue of material fact. If, however, the basis of the motion is that no genuine issue of material fact exists with regard to an element of the non-moving party's case, it is incumbent upon the non-moving party to establish an issue of fact regarding that element. *Yoakum v. Hartford Fire Ins. Co.,* 129 Idaho 171, 923 P.2d 416 (1996). All facts and inferences are to be construed most favorably toward the party against whom judgment is sought, and if uncontroverted facts lead to a definite disposition as a matter of law, summary judgment is appropriate. *Smith v. Boise Kenworth Sales, Inc.,* 102 Idaho 63, 625 P.2d 417 (1981). If reasonable people could reach different conclusions as to the facts, however, the motion must be denied. *Ashby v. Hubbard,* 100 Idaho 67, 593 P.2d 402 (1979).

■ To establish a claim for attorney malpractice arising out of a civil action, the plaintiff must show: (1) the creation of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the breach of the duty or the standard of care by the lawyer; and (4) that the failure to perform the duty was a proximate cause of the damages suffered by the client. *Marias v. Marano,* 120 Idaho 11, 13, 813 P.2d 350, 352 (1991); *Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982). The plaintiff has the burden of proving not only the negligence of the attorney, but also that the negligence was the proximate cause of the loss of a right to recover in the underlying case. *Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982).

## ANALYSIS

Preliminarily, we note that our review of the summary judgment dismissing the mal-practice action does not encompass a review of the summary judgment in the underlying shareholder litigation, where Judge Burdick determined the intent of the Andersons was not to be bound by the oral agreement but by a written agreement which was to follow. Although the Jordans raised the question of intent of the parties to the shareholders' agreement to the district court in this case, the district court rightly held that the question was only relevant to the summary judgment motion if the Jordans asserted facts indicating that Judge Burdick's ruling would have been different had attorney Beeks not committed malpractice in the manner complained of in the Jordans' complaint. The claims of error regarding Judge Burdick's order that the Jordans reiterate on appeal to this Court should have been addressed in the direct appeal of the summary judgment in the shareholder litigation and thus are not properly before the Court. Furthermore, by dismissing that appeal, the Jordans abandoned their challenge to Judge Burdick's decision in favor of pursuing the malpractice action against attorney Beeks.

### I.

■ In this appeal, the Jordans assert that the district court applied an incorrect standard in ruling against them in the summary judgment. The Jordans claim that the district court erred by failing to consider whether the shareholder litigation had "some chance of success," given the evidence provided by the Jordans on the summary judgment motion. The standard urged by the Jordans is derived from *Murray v. Farmers Ins. Co.,* 118 Idaho 224, 796 P.2d 101 (1990).

As noted above, in an attorney malpractice action, the burden is upon the plaintiff to show that the attorney's negligence proximately caused the plaintiff to lose the right to recover in the underlying case. *See Samuel v. Hepworth, Nungester & Lezamiz, Inc.,* 134 Idaho 84, 88–89, 996 P.2d 303, 307–08 (2000) (citing *Murray,* 118 Idaho at 227, 796 P.2d at 104; *Lamb v. Manweiler,* 129 Idaho 269, 272, 923 P.2d 976, 979 (1996)). The Jordans correctly point to *Murray* as a refinement of the proximate cause element in

an attorney malpractice action. In *Murray,* the plaintiffs argued that their counsel's negligence in allowing their automobile to be salvaged precluded their assertion of a product liability action against the manufacturer. *Murray,* 118 Idaho at 226, 796 P.2d at 103. This Court held that the plaintiffs' burden in proving the proximate cause element was to show they had "some chance of success in the product liability action ... before they would be entitled to recover damages from [their attorney]." *Id.* at 227, 796 P.2d at 104. However, application of the proximate cause element, and the plaintiff's burden of showing "some chance of success" in the underlying claim are necessarily different where, as here, the underlying suit was actually pursued by the attorney but the plaintiffs argue the attorney's acts or omissions ultimately caused their claim to be unsuccessful. In such a case, the court reviewing the attorney malpractice case need not merely speculate on the chance of success of the underlying claim but has the benefit of scrutinizing the underlying action, the conduct of the attorney, and the opinion of the trial court.

Because the Jordans' shareholder litigation suit was actually pursued but was nevertheless unsuccessful, the district court correctly viewed the proximate cause element not simply as whether they had "some chance of success" but whether or not the Jordans had raised genuine issues of material fact that the conduct of attorney Beeks in the underlying litigation altered their chance of success. We therefore examine in turn the district court's findings regarding the distinct negligent acts or omissions of counsel that led to the district court's conclusion that the actions the Jordans maintain attorney Beeks should have taken would not have altered the outcome of the shareholder litigation.

*A. The January 23, 1995, letter*

■ The district court concluded that the January 23, 1995, letter from Beeks to Greg Anderson was immaterial to the issues resolved on the cross-motions for summary

judgment in the shareholder litigation and thus was not the proximate cause of the Jordans' claimed damages. The Jordans argue, however, that attorney Beeks's letter of January 23, 1995, was central to Judge Burdick's ruling in the shareholder litigation that Greg Anderson did not intend to be bound by the agreement until it had been put into writing. They contend that but for the letter which they perceive invited Greg Anderson to assert for the first time that he did not intend to be bound by the oral agreement, Judge Burdick would not have decided the summary judgment against them and declared the parties' oral agreement unenforceable.

The evidence for the district court to consider on the motion for summary judgment was in large part the same evidence that was before Judge Burdick in the shareholder litigation. In addition, the Jordans provided an affidavit from attorney B. Newal Squyres containing his opinion that attorney Beeks had breached a duty of care to the Jordans by sending the January 23, 1995, letter which undermined their case. The affidavit also purported to raise an issue of fact as to whether Judge Burdick relied on the January 23, 1995, letter to dismiss the Jordans' complaint for specific performance of the agreement reached at the shareholders' meeting in the absence of a written agreement.

Upon consideration of the evidence, the district court found that Greg Anderson had never expressly stated any intent to be bound by the agreement reached at the shareholders' meeting. The district court also found, consistent with Judge Burdick's findings, that Greg had indicated an unwillingness to be bound by the terms of the agreement after consultation with his attorney and that Greg's refusal to sign the agreement drafted by attorney Kvanvig was not precipitated by attorney Beeks's letter. Thus, the significance of the January 23, 1995, letter to Judge Burdick's decision was not as the Jordans' expert claimed.[3] The

---

3. The Jordans argue that the district court ignored Squyres' affidavit. Idaho Rule of Evidence 702 allows a witness qualified as an expert to testify in the form of an opinion if specialized

knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Attorney Squyres' affidavit did not deal with a disputed factual issue but with the en-

district court was correct in holding that no factual issue with regard to the malpractice action had been raised by the Squyres affidavit or otherwise.

*B.    Failure to attach the affidavit of Gary Evans, CPA regarding · the summary judgment motion before Judge Burdick*

■ The Jordans assert that attorney Beeks's failure to submit the affidavit of Gary Evans, CPA was error, which led inevitably to the Jordans losing the shareholder litigation. They contend that the Evans affidavit would have provided testimony from a disinterested party who was present at the formation of the shareholders' agreement and whose testimony would have illuminated the parties' agreement and created an issue of fact regarding the agreement.

The district court concluded that the facts surrounding the June 17, 1994, shareholders' meeting were not in dispute and that Evans' testimony would have raised no issue of fact that would have altered Judge Burdick's decision on the enforceability of the agreement. Clearly, Evans was not competent to testify as to the intent of the parties to be bound by the agreement reached at the shareholders' meeting, and there were no facts presented that addressed the specific question of Greg Anderson's intent. We agree with the district court that testimony from Evans was cumulative and unnecessary for purposes of corroboration. We conclude that the district court did not err in holding that the failure to submit the affidavit of Gary Evans was not negligent conduct on the part of attorney Beeks.

*C.    Failure to join Greg Anderson as a defendant in the shareholder litigation*

■ The Jordans contend that the shareholder litigation was doomed from the start because of attorney Beeks's decision to proceed only as against Carl and Margaret Anderson. They assert that counsel's failure to name Greg Anderson as a defendant constituted malpractice for which they are entitled to recover.

forceability of the shareholders' agreement and the legal effect of attorney Beeks's January 23, 1995, letter to Greg Anderson. The district court

The district court found that because Greg Anderson was granted leave to intervene in the underlying case, this issue was rendered moot. The Jordans failed to show that they suffered damages from attorney Beeks's decision not to name Greg Anderson as a defendant in the shareholder litigation. We find no error in the district court's decision on this point.

## II.

Finally, the Jordans assert that the district court erred in denying their motion for reconsideration. The motion, which was supported by supplemental affidavits of Chris Jordan, was filed alternatively pursuant to I.R.C.P. 11(a)(2)(B) and I.R.C.P. 59(e). The district court took into account the content of the affidavits and "re-read everything," but nevertheless refused to alter in any way its original decision.

■ The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Watson v. Navistar Int'l Transp. Corp.,* 121 Idaho 643, 827 P.2d 656 (1992); *Slaathaug v. Allstate Ins. Co.,* 132 Idaho 705, 979 P.2d 107 (1999). After a thorough review of the record, we conclude that the district court was provided with no new facts to create an issue for trial, and thus there was no basis upon which to reconsider its summary judgment order.

## CONCLUSION

The Jordans were unable to establish that anything counsel did or failed to do was the proximate cause of their damages, including but not limited to loss of the shareholder litigation. When the plaintiff fails to submit evidence to establish an essential element of a claim, summary judgment dismissing the claim is appropriate. *Nelson ex rel. Nelson v. City of Rupert,* 128 Idaho 199, 911 P.2d 1111 (1996); *Ambrose v. Buhl Joint School Dist. No. 412,* 126 Idaho 581, 887 P.2d 1088 (Ct.App.1995).

determined that the affidavit constituted legal argument and that it would not be helpful.

The award of summary judgment in favor of attorney Beeks and the denial of the motion to reconsider are hereby affirmed. Costs to Respondents. No attorney fees are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and REINHARDT, Justice pro tem, concur.