88 P.3d 767

Lilas McCOLM–TRASKA, as Personal Representative of the Estate of Hester Mary Lenox–McColm, deceased, Plaintiff–Appellant,

v.

Douglas L. BAKER; Baker House Law Office, and John Does 1–5, inclusive, Defendants–Respondents.

No. 28943.

Supreme Court of Idaho, Boise, January 2004 Term.

April 5, 2004.

Jay Phillip Clark, Mountain Home, argued for appellant.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondents. Mark S. Prusynski argued.

BURDICK, Justice.

This is an appeal by Lilas McColm–Traska (Traska) challenging the district court's ruling dismissing the professional negligence

claim against attorney Douglas Baker (Baker), because the case was not ripe for adjudication. This Court affirms the judgment of the district court on alternative grounds.

## FACTS AND PROCEDURAL BACKGROUND

In June 1997, Hester Mary Lenox–McColm (McColm) fell at a nursing home owned by Valley View, Inc. Staff negligence allegedly caused her fall, which increased her medical expenses. McColm's daughter, Traska, assisted McColm in recouping her expenses from Valley View's insurer, CNA HealthPro (CNA).

In August 1997, CNA agreed, for a couple of months, to pay anything in excess of $1,990 each month for McColm's increased medical expenses. In November 1997, Traska threatened to sue if CNA did not continue the payments. CNA agreed to continue the payments for as long as McColm continued to incur expenses caused by her fall if, in exchange, McColm would forbear suit. McColm agreed not to sue. Although Traska sought to reduce the agreement to writing, CNA refused.

In June 1998, CNA stopped paying McColm's medical bills. During this time, Baker represented Traska in an unrelated matter. Traska sought advice from Baker regarding CNA's failure to continue paying her mother's excess medical expenses in accordance with their agreement. Upon Traska's request, Baker contacted CNA to discuss the situation, and he confirmed there had been a settlement reached by the parties. The payments resumed after Baker's discussion with CNA. Baker performed no further services in this regard.

In June 1999, Traska attempted to contact Baker because she was uneasy about the agreement with CNA and because the statute of limitations was about to run. Traska wanted a personal injury suit filed against Valley View to protect McColm's rights. When CNA stopped paying McColm's medical expenses, Traska called Baker. However, because he had confirmed the agreement between CNA and Traska and therefore

could be a potential witness, Baker advised he would not represent her and referred her to another attorney.

In July 2000, McColm pursued an action against Valley View for negligence and breach of contract related to her 1997 injury. About one month later McColm died. Traska became the personal representative of McColm's estate and continued the suit. The district court granted summary judgment in favor of Valley View because Traska had offered no admissible evidence of consideration supporting the agreement between her mother and CNA. On appeal, this Court vacated the district court's summary judgment order and remanded the matter for further proceedings, finding genuine issues of material fact regarding the existence of a settlement agreement. *See McColm–Traska v. Valley View, Inc.,* 138 Idaho 497, 500, 65 P.3d 519, 522 (2003).

Traska filed this lawsuit as McColm's personal representative against Baker, alleging he had committed professional negligence by failing to memorialize the settlement agreement between McColm and CNA and by failing to file a lawsuit against CNA. Baker filed a motion for summary judgment. Following a hearing on the motion, the district court granted summary judgment in Baker's favor on the claim of failure to file a lawsuit [1] and *sua sponte* dismissed the malpractice claim for failure to memorialize the settlement agreement because "there ha[d] been no adverse ruling on the underlying claim and the claim [against CNA] could be pursued." Traska appealed.

## STANDARD OF REVIEW

A motion for summary judgment should only be granted when all of the facts contained in the applicable pleadings, depositions, admissions, and affidavits have been construed most favorably to the nonmoving party, and it is clear that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Gardner v. Evans,* 110 Idaho 925, 929, 719 P.2d 1185, 1188 (1986). Judgment shall be granted to the moving party if the non-

---

1. Traska does not appeal this part of the summary judgment ruling.

moving party fails to make a showing sufficient to establish an essential element to the party's case. *Celotex v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). The Court exercises free review over questions of law. *Friel v. Boise City Hous. Auth.,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Where the district court's order is correct but based upon an erroneous theory, this Court will affirm the order on the correct theory. *State v. Avelar,* 129 Idaho 700, 704, 931 P.2d 1218, 1222 (1997).

## ANALYSIS

■ To establish a claim for attorney malpractice, the plaintiff must show: (1) the creation of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the breach of the duty or the standard of care by the lawyer; and (4) that the failure to perform the duty was a proximate cause of the damages suffered by the client. *Jordan v. Beeks,* 135 Idaho 586, 590, 21 P.3d 908, 912 (2001)(citing *Marias v. Marano,* 120 Idaho 11, 13, 813 P.2d 350, 352 (1991); *Johnson v. Jones,* 103 Idaho 702, 652 P.2d 650 (1982)).

For purposes of the summary judgment motion, Baker stipulated that an attorney client relationship existed. Baker claimed he was entitled to summary judgment as a matter of law because Traska failed to establish two essential elements of the attorney malpractice claim. Baker argued Traska failed to show he owed a duty to memorialize the settlement agreement and that Baker did not proximately cause Traska's damages. The district court did not rule on Baker's theories, but dismissed Traska's complaint without prejudice because there had been no adverse ruling on the underlying claim with CNA.

## I. THE DISTRICT COURT ERRED BUT THE COURT AFFIRMS THE DISMISSAL ON OTHER GROUNDS BECAUSE BAKER DID NOT OWE A DUTY TO MEMORIALIZE THE AGREEMENT

On appeal, Traska argues that the district court erred in dismissing her complaint because Idaho law does not require an adverse ruling on the underlying claim. Traska asserts Baker owed her a duty of care under two theories. First, Traska contends Baker had a duty to memorialize the oral settlement agreement because it would have been easier for her to enforce and CNA would not have breached the agreement. Second, Traska argues Baker owed her duty to follow her explicit instructions, specifically to reduce the settlement agreement to writing.

Baker agrees that Idaho law does not support the district court's dismissal of the case. However, he maintains that the summary judgment was properly granted because he did not owe a duty to Traska under either of the theories she advanced.

■ Generally, oral settlement agreements do not have to be reduced to writing to be enforceable. *Lyle v. Koubourlis,* 115 Idaho 889, 891, 771 P.2d 907, 909 (1988). However, settlement agreements must comply with the requirements for contracts and must not be within the proscription of the statute of frauds. *Id.* In reviewing the summary judgment motion, we liberally construe the record in Traska's favor, drawing all reasonable inferences and conclusions supported by the record in her favor to determine whether Traska made a sufficient showing to establish the existence of a duty. *Lamb v. Manweiler,* 129 Idaho 269, 272, 923 P.2d 976, 979 (1996) *citing City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995).

■ In this case, it was not essential for Baker to reduce Traska's agreement to writing or to memorialize the agreement to make it valid. Certainly, the better practice would have been to send a confirming letter to CNA. However, that would not have necessarily made it easier for Traska to enforce the agreement. Having the letter would not have prevented CNA from contesting or denying the agreement, as Traska contends. Traska underestimates the difficulty she may encounter entering the memorialized agreement into evidence had it been drafted. Without ruling on the validity of the agreement, we hold that Baker did not owe a duty to Traska to memorialize the oral settlement agreement.

Next, we turn to Traska's second theory of recovery. Traska argues Baker breached his duty to follow her explicit instructions to reduce the agreement to writing.

 The purpose for which the client is retained defines the attorney's contractual duty to his client. *Johnson v. Jones,* 103 Idaho 702, 703, 652 P.2d 650, 651 (1982). Generally, an attorney owes a client a duty to follow the client's explicit instructions with reasonable promptness and care. *Jarman v. Hale,* 112 Idaho 270, 273, 731 P.2d 813, 816 (Ct.App.1986). Our review of the record reveals Traska did not retain Baker to reduce the settlement agreement to writing, nor did she explicitly instruct him to do so.

In reviewing the record in the light most favorable to the non-moving party, Traska did not explicitly instruct Baker to memorialize the oral settlement agreement when she met with him in June 1998. Traska had already reached an agreement with CNA and she requested Baker's assistance because CNA had quit paying McColm's expenses in accordance with the agreement. Through a telephone call to CNA in 1998, Baker was able to confirm that Traska and CNA had reached an oral settlement agreement; and in September 1998, both parties wanted to comply with the agreement. CNA resumed the monthly payments until June 1999, when the two-year statute of limitations regarding McColm's fall expired.

Traska's explicit instructions were conveyed to Baker in 1999, a year after the initial meeting. Traska's deposition reveals what instructions were conveyed. The relevant portion of the deposition is as follows:

Q. Following that phone conversation, did Mr. Baker have any further involvement in this matter?

A. No. I tried getting in touch with him on two or three different occasions, which he eluded (sic) to when I spoke with him last fall. He did receive my messages. He did know that I was concerned because of the Statute of Limitations.

He didn't return my phone calls because he was too busy; he was moving his office, and he didn't return my phone calls.

Q. In what time frame was it that you tried getting ahold of him?

A. The end of May—first part of June. Well, I first started trying to phone him around mid May.

Q. May–June of what year?

A. Of '99, I believe. Yes. The State of Limitations would have been up in June, and I was uneasy because we did not have a written agreement, and I told him that over the telephone, left a message.

I felt that we should get in touch with Ms. Mueller again because I had tried and could not get in touch with her.

I would like to have it in writing maybe to safeguard my position, my Mother's position; that we needed to—somebody had told me, and I don't remember who, that—because Mother didn't want to file a suit. We did not want to file a suit. We just simply wanted what we felt was fair.

Someone had told me that if I didn't have it in writing, I could file an extension—there is something that you can do so that you don't lose the right to file a suit, and that's what I wanted him to do, and he never returned my phone calls.

The call to Baker in 1999 was to have him file a lawsuit against CNA. It would not have been appropriate for Baker to file the lawsuit, however, because CNA was paying the expenses in accordance with the agreement.

We conclude that Traska failed to prove she gave Baker explicit instructions to memorialize the oral settlement agreement. Thus, because Baker did not breach a duty to follow instructions from Traska and because he owed no duty to memorialize the oral agreement, Baker is entitled to summary judgment on this claim as a matter of law.

## II. TRASKA HAS NOT SUFFERED ANY DAMAGES

The district court found that Traska had not pursued a claim against CNA for breach of the oral settlement agreement and that option was still available to her. The district court dismissed the professional negligence claim against Baker because there had been no adverse ruling on the underlying claim, which could yet be pursued. The district

court, citing *Hewitt v. Allen,* 118 Nev. 216, 43 P.3d 345 (2002) held the professional negligence claim was not ripe for decision because there had not been an adverse ruling on the underlying claim.

 In a professional negligence claim Idaho does not require an adverse ruling before the claim may be pursued. *See Fairway Dev. Co. v. Petersen, et al.,* 124 Idaho 866, 869, 865 P.2d 957, 960 (1993). The Court stated: "Idaho law provides that the statute of limitations on a professional malpractice claim will expire two years following the occurrence, act or omission complained of, barring fraudulent or knowing concealment of the injury, and will not be extended due to any continuing consequences, resulting damages, or continuing professional relationship." *Id.* at 868, 865 P.2d at 959 (citing I.C. § 5–219(4)). Although not stated in I.C. § 5–219(4), some damage must occur before the statute of limitations begins to run. *Id.* We conclude the district court erred by applying an incorrect standard as the basis for dismissing Traska's claim.

 Upon review of the facts, we conclude that Traska's claim for legal malpractice still fails because she has not shown that she suffered some damage from the lack of a memorialized agreement, which she attributes to Baker. We find no reason to conclude that the lack of the memorialized agreement caused CNA to discontinue paying the medical expenses when the statute of limitations expired. Furthermore, the necessity of hiring an attorney to enforce the oral settlement agreement is not due to Baker's actions, but is attributable to CNA. As a matter of law, Baker is entitled to summary judgment because of a failure of proof that Traska suffered some damage attributable to Baker's actions.

## CONCLUSION

The district court's order dismissing the case is upheld on other grounds because Baker did not owe a duty to Traska to memorialize the settlement agreement and because Traska has not incurred any damages due to Baker's actions. The judgment of the district court is affirmed. Costs are awarded to Baker.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.