153 P.3d 1158

**SPUR PRODUCTS CORPORATION, an Idaho corporation; Eagle Data Works, Inc., an Idaho corporation; and Talon Enterprises, Inc., an Idaho corporation, Plaintiffs–Appellants,**

v.

**STOEL RIVES LLP, a limited liability partnership, Defendant–Respondent.**

No. 33054.

Supreme Court of Idaho,
Boise, December 2006 Term.

Feb. 5, 2007.

Rehearing Denied March 20, 2007.

Ellis, Brown & Sheils, Chtd., and Strother Law Office, Boise, for appellants. Allen B. Ellis and Jeffrey A. Strother argued.

Holland & Hart, Boise, for respondent. Amanda Kathleen Brailsford argued.

BURDICK, Justice.

This case asks us to decide whether the district court's grant of summary judgment violated the law of the case set forth in our opinion in the initial appeal. Additionally, this case asks us to decide whether the district court abused its discretion when it denied a motion to reconsider summary judgment. We reverse the district court's grant of summary judgment on the third amended complaint and affirm the district court's denial to reconsider summary judgment on the first amended complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Spur Products Corporation, Eagle Data Works, Inc., and Talon Enterprises, Inc. (collectively Spur) sued Stoel Rives, LLP (Stoel) for damages arising out of Stoel's representation of Spur in a dispute against IKON Office Solutions, Inc. (IKON). Spur moved to file a second amended complaint which sought to add an additional negligence claim based on an alleged breach of confidentiality.

The facts surrounding the breach of confidentiality claim were set forth in the initial appeal:

On August 24, 1999, Stoel and Spur entered into a Letter Agreement which was intended to memorialize an oral agreement made between Stoel and Spur in early August 1999 regarding outstanding debts that Spur owed Stoel, primarily fees and costs incurred during the course of Stoel's representation of Spur in the IKON dispute. The essence of the Letter Agreement was that Stoel would withdraw from representing Spur unless Spur accepted a settlement from IKON and paid all outstanding debts, by the completion of the IKON dispute mediation conference. Spur owed Stoel approximately $243,600. Prior to offering the Letter Agreement, counsel for Spur in the IKON dispute con-

sulted with Peter Jarvis (Jarvis), a Portland-based Stoel attorney, regarding Stoel's ethical obligations and potential withdrawal as counsel from the IKON dispute. Jarvis sent out two intra-firm memoranda related to Spur's failure to pay its outstanding legal debts and Stoel's potential withdrawal. The first was dated August 3, 1999, and the second, August 24, 1999. The memoranda were circulated to Stoel's Professional Response Practice Group. Brent Giauque (Giauque) was among the committee members to whom Jarvis sent the memoranda. Giauque was a Stoel attorney in the firm's Salt Lake City office, who at one time had represented IKON's wholly-owned subsidiary BCS Integration, Inc. (BCS). Giauque had previously signed an affidavit that he would not have any involvement with the Spur/IKON dispute as part of Stoel's traditional conflicts screening process. Both Spur and IKON were aware of Giauque's potential conflict and consented to Stoel's representation in the IKON dispute on the condition no confidential information would be passed to either party. Stoel did not inform Spur of the communication sent to Giauque prior to offering the Letter Agreement.

*Spur Prods. Corp. v. Stoel Rives LLP [Spur I]*, 142 Idaho 41, 42–43, 122 P.3d 300, 301–02 (2005).

On May 28, 2003, the district court denied Spur's motion to file a second amended complaint. The district court then granted summary judgment to Stoel, holding that the Letter Agreement constituted a complete defense to all of the negligence claims in the First Amended Complaint.[1] Spur appealed that judgment to this Court. We reversed the district court's denial of Spur's motion to file a second amended complaint. Additionally, we stated that summary judgment on Counts One, Two and Four of Spur's First Amended Complaint was proper on the record as it then existed but said the district court may re-examine its decision based on new evidence discovered on remand. On April 20, 2006, the district court denied

---

1. The negligence claims were: Count One– a breach of fiduciary duty; Count Two– negligent

failure to communicate intention to withdraw as counsel; and Count Four– breach of duty of care.

Spur's motion to reconsider its decision dismissing Counts One, Two, and Four of Spur's First Amended Complaint. Additionally, the district court granted summary judgment to Stoel on Spur's Third Amended Complaint, which consisted of the attorney malpractice/breach of confidentiality claim.

## II. STANDARD OF REVIEW

■ When reviewing a district court's grant of summary judgment, we use the same standard a district court uses when it rules on a summary judgment motion. *Jordan v. Beeks,* 135 Idaho 586, 589, 21 P.3d 908, 911 (2001). Under the Idaho Rules of Civil Procedure summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "All facts and inferences are to be construed most favorably toward the party against whom judgment is sought...." *Jordan,* 135 Idaho at 590, 21 P.3d at 912. "Judgment shall be granted to the moving party if the nonmoving party fails to make a showing sufficient to establish an essential element to the party's case." *McColm–Traska v. Baker,* 139 Idaho 948, 950–951, 88 P.3d 767, 769–770 (2004). "The Court exercises free review over questions of law." *Id.* at 951, 88 P.3d at 770.

■ A decision to grant or deny a motion for reconsideration generally rests in the sound discretion of the trial court. *Jordan,* 135 Idaho at 592, 21 P.3d at 914.

## III. ANALYSIS

There are two issues in this case. First, Spur argues that the district court's entry of summary judgment on the Third Amended Complaint is in conflict with our opinion in the initial appeal, *Spur I,* and hence violates the law of the case doctrine. Second, Spur argues that the district court erred in denying its motion to reconsider summary judgment on Counts One, Two and Four of the First Amended Complaint because the interests of justice required a grant of the motion

and because the district court failed to provide any reasoning for its denial. We will address each argument in turn.

## A. Summary judgment on the Third Amended Complaint violated the law of the case

■ Spur argues that the district court's grant of summary judgment on the breach of confidentiality claim in the Third Amended Complaint violates the law of the case set forth in *Spur I.* The district court held that summary judgment was proper because "the establishment of a disclosure between Mr. Giauque and IKON is an essential element to [Spur's] claim in this case" and that element was not proved by Spur. Spur argues that based on the decision we issued in the initial appeal, proof of disclosure to IKON is not essential to its claim. Stoel argues that we were considering other allegations since proved false when we said disclosure to IKON was not essential to Spur's claim.

In the initial appeal, we held that "Spur adequately alleged each of the elements necessary to assert a claim of attorney malpractice" and that Spur "adequately alleged a viable claim...." *Spur I,* 142 Idaho at 45, 122 P.3d at 304. *Spur I* set out the elements necessary for an attorney malpractice or attorney negligence claim: "(1) the creation of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the breach of the duty or the standard of care by the lawyer; and (4) that the failure to perform the duty was a proximate cause of the damages suffered by the client." *Id.* at 44, 122 P.3d at 303 (citing *Estate of Becker v. Callahan,* 140 Idaho 522, 526, 96 P.3d 623, 627 (2004)). Spur had alleged that (1) there was an attorney-client relationship; (2) Stoel had a duty to maintain all attorney-client communications as confidential; (3) Jarvis delivered a copy of the letter to Giauque, a Stoel attorney who was representing a wholly owned IKON subsidiary, and this communication was not revealed to Spur; and (4) as a proximate result Spur was deprived of its opportunity to enter arbitration and thereby incurred damages. Stoel argued that Spur failed to adequately allege causation and harm because it failed to allege facts demon-

strating that Giauque read and communicated information from the letter to IKON. However, we rejected Stoel's argument and held that disclosure to IKON was not a necessary element to Spur's claim of attorney malpractice.

■ The "law of the case" doctrine provides that when "the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal." *Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (internal quotations and citations omitted). Our decision that disclosure to IKON was not an essential element of Spur's attorney malpractice claim was necessary to our holding that Spur had adequately alleged facts to support its claim. This pronouncement is the law of the case and must be adhered to throughout the subsequent proceedings. Yet, the district court granted summary judgment because it found that disclosure to IKON is "an essential element to [Spur's] claim." This directly contradicts what we stated in *Spur I*.

Stoel argues that the district court did not violate the law of the case in granting summary judgment because *Spur I* only addresses whether Spur had sufficiently alleged a claim for relief and not whether it sufficiently proved the elements of its claim. However, the district court's decision granting summary judgment on the Third Amended Complaint is not based solely on lack of proof, it is principally based on the determination that disclosure to IKON was essential to Spur's claim. That determination is in direct conflict with *Spur I*.

Stoel also argues that the reason we said disclosure to IKON was not essential was because we were taking into account Spur's other allegations, later disproved, including the allegation that Giauque was IKON be-

cause he represented IKON and was an IKON attorney. That argument fails. We never indicated that we believed Giauque was IKON. We made our decision based on the understanding that Giauque is a "Stoel attorney who was representing a wholly owned subsidiary of IKON."[2] *Spur I*, 142 Idaho at 44, 122 P.3d at 303. Thus, *Spur I* indicates that our decision did not depend on factual allegations later disproved.

In short, Spur's breach of confidentiality claim does not depend on showing disclosure to IKON. We have already decided disclosure to IKON was not necessary and that the breach of duty was in the disclosure to Giauque, a Stoel attorney who represented an IKON subsidiary, and that the harm was caused by Stoel's failure to disclose the information to Spur. Spur alleges as a result that it gave up the opportunity to enter into arbitration when it otherwise would not have. Hence, under the law of the case doctrine, the district court's summary judgment was improper. Therefore, we hold the district court erred when it granted Stoel summary judgment on the attorney malpractice/breach of confidentiality claim in the Third Amended Complaint.

## B. The district court did not err in denying Spur's motion to reconsider

■ Spur also appeals the district court's denial of its motion to reconsider summary judgment in favor of Stoel on Counts One (breach of fiduciary duty), Two (negligent failure to communicate intent to withdraw) and Four (breach of duty of care) of its First Amended Complaint. Spur contends that the district court should have reconsidered its grant of summary judgment because the interests of justice so required in light of the new evidence Spur presented regarding the issue of informed consent, the effect of which the court had not previously considered as to the enforceability of the Letter Agreement. Stoel argues that upon remand Spur failed to offer any new facts bearing on the district

2. Such a characterization is consistent with Giauque's statement in his affidavit, in which he pledged not to participate in the Spur/IKON dispute, that he "continue[s] to represent BCS ... doing business as IKON Office Solutions" and that it is his "understanding that BCS is a whol-

ly-owned subsidiary of IKON." Though Stoel argues that Giauque did not represent BCS when the alleged disclosure occurred, we will consider the facts in the light most favorable to the party against whom judgment is sought.

court's original ruling. Stoel further argues Spur offered only the argument of informed consent and that informed consent is irrelevant because the district court did not make its original decision on the basis of Stoel's defense of release but instead because Spur could not establish its claims.[3]

■■■ In *Spur I* this Court stated that summary judgment on Counts One, Two and Four "were proper on the record as it [then] existed." 142 Idaho at 45, 122 P.3d at 304. When considering a motion to reconsider under I.R.C.P. 11(a)(2), the district court "should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order." *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho,* 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990). A decision to grant or deny a motion for reconsideration generally rests in the sound discretion of the trial court. *Jordan,* 135 Idaho at 592, 21 P.3d at 914. Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.,* 139 Idaho 761, 765, 86 P.3d 475, 479 (2004) (citations omitted).

The district court did not abuse its discretion. First, the district court correctly perceived the issue, whether to grant or deny a motion for reconsideration, as one of discretion. *See Jordan,* 135 Idaho at 592, 21 P.3d at 914. Second, the district court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it. The district court could either grant or deny the motion, and it chose to deny the motion. Spur argues that the district court's denial of the motion to reconsider violates the instructions we gave the district court in *Spur I.* We told the district court that it may re-examine its grant of summary judgment based on the

amendment of the complaint and any relevant discovery that may take place; however, we expressed no opinion on those prospective rulings of the district court. *Spur I,* 142 Idaho at 45, 122 P.3d at 304. We also directed the district court to determine whether the doctrine of informed consent rendered the Letter Agreement unenforceable. *Id.* There is nothing to suggest the district court failed to examine the doctrine of informed consent as it applies to the enforceability of the letter agreement. The district court made its decision after considering the briefs and affidavits in support of the motion for reconsideration.

Finally, the district court reached its decision by an exercise of reason. Spur did not present any new facts; it only asked the court to apply evidence already before the court to the claims. The district court denied the motion for reconsideration because "[h]aving reconsidered [Stoel's] cross-motion for summary judgment in light of the briefs and affidavits offered in support of [Spur's] motion for reconsideration, [the district court finds] that its January 9, 2004 decision was correct." Therefore, we hold the district court did not abuse its discretion and we affirm the district court's denial of the motion to reconsider.

## IV. CONCLUSION

We reverse the district court's grant of summary judgment on the Third Amended Complaint because the entry of summary judgment violated the law of the case set out in *Spur I* and remand for proceedings consistent with this opinion. We affirm the district court's denial of Spur's motion to reconsider. Costs to Appellant.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and KIDWELL, Pro Tem concur.

---

3. The parties disagree on what basis the district court made its grant of summary judgment. As noted by the Court in *Spur I,* the district court granted summary judgment on Counts One, Two and Four of the First Amended Complaint based on Stoel's defense of release.