## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 33588

| | | |
|---|---|---|
| AUTUMN YOUNGBLOOD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSIE HIGBEE, BIG O TIRES, and | ) | Pocatello, October 2007 |
| DENNIS CLAUNCH TIRES, INC., an Idaho | ) | |
| corporation, | ) | 2008 Opinion No. 52 |
| | ) | |
| Defendants-Respondents. | ) | Filed: April 25, 2008 |
| | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| _____ | ) | |
| | ) | |
| AUTUMN YOUNGBLOOD, | ) | SUBSTITUTE OPINION. |
| | ) | THE PREVIOUS OPINION |
| Plaintiff-Appellant, | ) | ISSUED FEBRUARY 19, 2008 |
| | ) | IS HEREBY WITHDRAWN. |
| v. | ) | |
| | ) | Docket No. 34259 |
| JESSIE HIGBEE, BIG O TIRES, and | ) | |
| DENNIS CLAUNCH TIRES, INC., an Idaho | ) | |
| corporation, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Richard T. St. Clair, District Judge.

District court grant of summary judgment, affirmed.

Curtis & Browning, Idaho Falls, for appellant. Paul Tibbitts Curtis argued.

Merrill & Merrill, Pocatello, for respondent Big O Tires. Thomas J. Lyons argued.

Racine, Olson, Nye, Budge & Bailey, Chartered, Pocatello, for respondent Higbee. John A. Bailey, Jr. argued.

Burdick, Justice

This case arises from a negligence action brought against a franchisor. The district court granted the franchisor's motion for summary judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Autumn Youngblood was riding as a passenger in driver Jessie Higbee's vehicle and was injured when Higbee's vehicle rear-ended another vehicle in Idaho Falls on June 5, 2003. Respondent Big O Tires, Inc. is the franchisor of the Idaho Falls Big O Tires store owned and operated by Dennis Claunch Tires, Inc. (Claunch). Claunch, who allegedly inspected and worked on Higbee's brakes prior to the accident, was not initially named in the complaint, but was named as a defendant when the complaint was amended on September 11, 2006.

On June 3, 2005, Youngblood filed a complaint against Higbee and "Big O Tires" alleging that "Big O Tires" failed to exercise due care when repairing Higbee's brake system. Big O Tires, Inc. was served with the complaint on or about September 8, 2005. Big O Tires, Inc. moved for summary judgment arguing that it was not properly named in Youngblood's complaint and that there is no entity named "Big O Tires." Big O Tires, Inc. further argued that it was entitled to summary judgment because it was not involved in the brake work on Higbee's vehicle. Youngblood opposed the motion for summary judgment and apparently also made a motion, which does not appear in the record, to amend her complaint to substitute Claunch for Big O Tires, Inc.

The district court granted Big O Tires, Inc.'s motion for summary judgment and granted Youngblood's motion to amend her complaint to substitute Claunch for Big O Tires, Inc.[1] Youngblood appeals the district court's grant of summary judgment to Big O Tires, Inc.

## II. ANALYSIS

Youngblood argues that it was an abuse of discretion for the district court to grant summary judgment instead of amending the complaint, that Big O Tires, Inc. should be estopped from moving for summary judgment based on the incorrect designation, and that the designation was sufficient under Idaho's notice pleading system. Youngblood also argues there are genuine

---

[1] The district court subsequently granted Claunch's motion to dismiss because the amended complaint did not "relate back." Whether Claunch was properly dismissed is not at issue in this appeal.

issues of material fact as to Big O Tires, Inc.'s vicarious liability. We will address each issue in turn.

## A. Summary Judgment

Youngblood argues that the district court abused its discretion by granting the motion for summary judgment instead of amending the complaint to reflect Big O Tires Inc.'s legal name. A district court's decision to grant or refuse permission to amend a complaint after a responsive pleading is served is reviewed for an abuse of discretion. *Hines v. Hines*, 129 Idaho 847, 853, 934 P.2d 20, 26 (1997). However in this case, Youngblood never made a motion to amend the complaint to change "Big O Tires" to "Big O Tires, Inc."[2]

Here, this Court is reviewing the district court's decision to grant summary judgment. When reviewing a district court's grant of summary judgment, this Court uses the same standard a district court uses when it rules on a summary judgment motion. *Jordan v. Beeks*, 135 Idaho 586, 589, 21 P.3d 908, 911 (2001). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When there is no question of material fact, only a question of law remains, over which this Court exercises free review. *Kiebert v. Goss*, 144 Idaho 225, __, 159 P.3d 862, 864 (2007).

Youngblood asserts that Big O Tires, Inc. should be estopped from making a motion for summary judgment based on the incorrect designation and that the complaint was adequate under the standards of notice pleading.

First, Youngblood argues that prior to moving for summary judgment, Big O Tires, Inc. admitted it was Claunch's franchisor, which amounts to an admission that "Big O Tires" was its

---

[2] Furthermore, it appears the district court did what Youngblood requested in a different motion, not appearing in the record. The affidavit submitted by Youngblood's attorney in opposition to Big O Tires Inc.'s motion for summary judgment contains the following:

> 18. The purpose of this narrative is to support plaintiff's contention that, in the alternative to summary judgment, the Court in it's [sic] discretion could merely grant plaintiff's Rule 15c motion filed herewith, and *substitute Dennis Claunch (or whoever Defendant Big O Tires claims is the proper party) into the action.*
>
> 19. Such an amendment should relate back to the filing of the original complaint . . . .

(Emphasis added.)

proper name; consequently, Youngblood never moved to amend the complaint to use a different name with which to identify the franchisor of Claunch. Youngblood concludes that this admission by Big O Tires, Inc. combined with her reliance on it, estops Big O Tires, Inc. from now claiming it should be dismissed from the action because it was not properly named in the complaint. However, this argument was not made below. We do not consider issues raised for the first time on appeal. *Kirkman v. Stoker*, 134 Idaho 541, 544, 6 P.3d 397, 400 (2000). Hence, we decline to address this issue on appeal.

Youngblood next argues that because Idaho is a "notice pleading" state and because "[a]ll pleadings shall be so construed as to do substantial justice[,]" I.R.C.P. 8(f), naming "Big O Tires" and serving "Big O Tires, Inc." with service of process was adequate. We agree that Big O Tires, Inc. had adequate notice that Youngblood brought a suit against it.

Our Rules of Civil Procedure establish a system of notice pleading. *Cook v. Skyline Corp.*, 135 Idaho 26, 33, 13 P.3d 857, 864 (2000). "A complaint need only contain a concise statement of the facts constituting the cause of action and a demand for relief." *Clark v. Olsen*, 110 Idaho 323, 325, 715 P.2d 993, 995 (1986); *see also* I.R.C.P. 8(a)(1). "A party's pleadings should be liberally construed to secure a 'just, speedy and inexpensive' resolution of the case." *Gillespie v. Mountain Park Estates, L.L.C.*, 138 Idaho 27, 30, 56 P.3d 1277, 1280 (2002) (quoting *Christensen v. Rice*, 114 Idaho 929, 931, 763 P.2d 302, 304 (Ct. App. 1988) (citing I.R.C.P. 1(a); *M.T. Deaton & Co. v. Leibrock*, 114 Idaho 614, 759 P.2d 905 (Ct. App. 1988))).

While we "will make every intendment to sustain a complaint that is defective, e.g., wrongly captioned or inartful, a complaint cannot be sustained if it fails to make a short and plain statement of a claim upon which relief may be granted." *Gibson v. Ada County Sheriff's Dep't*, 139 Idaho 5, 9, 72 P.3d 845, 849 (2003). We look at whether the complaint puts the adverse party on notice of the claims brought against it. *Id*.

The complaint does not name Big O Tires, Inc. by its legal name and inaccurately described it as "an operating business located in Idaho Falls, Bonneville County, Idaho." However, Big O Tires, Inc. was served, filed an answer, and moved for summary judgment. The motion for summary judgment indicates it understood Youngblood was bringing the negligence claim against it and argued that since it had no control over the brake work, it was not liable for

Though the motion does not appear in the record, apparently Youngblood made a motion to amend her complaint to substitute "Big O Tires" with "Dennis Claunch Tires, Inc., an Idaho Corporation[,]" which the district court granted.

the actions of its franchisee. Thus, there is every indication Youngblood's complaint put Big O Tires, Inc. on notice that Youngblood brought a suit against it.

Nonetheless, though in this case the complaint can be sustained despite its defect in misnaming a party, it still "fails to make a short and plain statement of a claim upon which relief may be granted." *See Gibson*, 139 Idaho at 9, 72 P.3d at 849.

Youngblood's claim of relief against "Big O Tires" is for negligence based on the allegation that "Higbee's brake system had recently been worked on by Defendant Big O Tires and Defendant Big O Tires failed to exercise due care when repairing [Higbee's] brake system . . . ." However, the complaint lacks any allegation that through agency law the defendant, as the franchisor, could be held liable for the actions of its franchisee. It is undisputed that the franchisor did not actually perform the work on Higbee's brakes. In this case, the combination of an inaccurate description of the party coupled with a lack of any allegation that the franchisor is responsible for the acts of its franchisee resulted in a failure to state a claim against Big O Tires, Inc.[3] Thus, we hold Youngblood's complaint failed to meet notice pleading standards and affirm the district court's grant of summary judgment.

**B. Attorney Fees**

Big O Tires, Inc. claims it is entitled to an award of attorney fees pursuant to I.A.R. 41 and I.C. §§ 12-121, 12-123(1)(b) (definition of "frivolous conduct"). Idaho Code § 12-121 allows an award of "reasonable attorney's fees to the prevailing party . . . ." Attorney fees are awarded to the prevailing party only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999). Where we affirm the district court's opinion on different grounds, we cannot say the appeal is frivolous, unreasonable or without foundation. Therefore we decline to award Big O Tires, Inc. attorney fees on appeal.

### III. CONCLUSION

We affirm the district court's grant of summary judgment to Big O Tires, Inc. We award no attorney fees on appeal. Costs awarded to Respondent.

Chief Justice EISMANN and Justices J. JONES, HORTON and TROUT, J. Pro Tem, **CONCUR.**

---

[3] In any case, Youngblood failed to oppose summary judgment with sufficient evidence showing Big O Tires, Inc. as the franchisor, had any liability for the actions of its franchisee.