HORTON, J.,
dissenting in part.
I join in the Court’s decision except for Part 111(A), from which I respectfully dissent. I am unable to conclude that the district court erred by denying Plaintiffs’ motion to amend their complaint to add a claim against the Hospital for negligent credentialing by granting hospital privileges to Dr. Hartford.
Setting aside the pivotal question whether I.C. § 39-1392e affords the Hospital immunity from a claim of negligent credentialing, it is evident that the district court applied the appropriate legal standards governing the motion to amend. The district court correctly observed that the decision whether to grant Plaintiffs leave to amend their complaint was a matter committed to its discretion. See e.g. Youngblood v. Higbee, 145 Idaho 665, 667, 182 P.3d 1199, 1201 (2008) (citing Hines v. Hines, 129 Idaho 847, 853, 934 P.2d 20, 26 (1997)). The district court also correctly noted that I.R.C.P. 15(a) provides that such “leave shall be freely given when justice so requires.” Finally, the district court properly recognized that in reaching its decision whether to grant leave to amend, it was appropriate to consider whether the amended pleading set forth a valid claim. See e.g. Spur Products Corp. v. Stoel Rives LLP, 142 Idaho 41, 44, 122 P.3d 300, 303 (2005) (citing Black Canyon Racquetball Club, Inc. v. Idaho First Nat’l Bank, N.A., 119 Idaho 171, 175, 804 P.2d 900, 904 (1991)).
Turning to the question whether I.C. § 39-1392c provides immunity to the Hospital for its credentialing decision, the district court found the statute to be unambiguous. The district court then summarized its analysis as follows:
The Harrisons’ logic would place this Court in the untenable position of granting St. Alphonsus immunity for reading the material but simultaneously holding St. Alphonsus liable for using the contents read by the committee in the material when granting or denying credentials. As St. Alphonsus contends, the act of issuing the credential is the ultimate use of credentialing material.
(emphasis original).
I agree with the district court’s conclusion. The statute in question, I.C. § 39-1392c, provides as follows:
The furnishing of information or provision of opinions to any health care organization or the receiving and use of such information and opinions shall not subject any health care organization or other person to any liability or action for money damages or other legal or equitable relief. Custodians of such records and persons becoming aware of such data and opinions shall not disclose the same except as authorized by rules adopted by the board of medicine or as otherwise authorized by law. Any health care organization may receive such disclosures, subject to an obligation to preserve the confidential privileged character thereof and subject further to the requirement that such requests shall be made and such use shall be limited to *660 aid the health care organization in conducting peer review.
The first sentence defines a broad grant of immunity for both “[t]he furnishing of information or provision of opinions to any health care organization” and “the receiving and use of such information and opinions.” This begs the question: What is the intended scope of conduct for which immunity is granted? I believe that the final sentence of the statute answers this question: “Such use shall be limited to aid the health care organization in conducting peer review.”
In my view, in addition to providing for the confidentiality of peer review materials, see I.C. § 39-1392b, by its adoption of I.C. § 39-1392c, the legislature expressly and unambiguously provided a broad grant of immunity for peer review activities conducted by health care organizations. This grant of immunity is extended beyond those who simply provide information; rather, the grant of immunity is extended to those who act on peer review information. The statutory definition of “peer review” activities by a health care organization expressly includes credentialing decisions. I.C. § 39-1392a(ll)(a). The Hospital clearly is a “health care organization” as defined by I.C. § 39 — 1392a(3). As the legislature has unambiguously provided that a credentialing decision is a peer review activity, I would affirm the district court’s decision denying Plaintiffs’ motion to amend.