# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42307

| | |
|---|---|
| MICHAEL T. HAYES, | ) 2016 Unpublished Opinion No. 301 |
| | ) |
| Plaintiff-Appellant, | ) Filed: January 5, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| THE ENTITY IDAHO DEPARTMENT OF | ) THIS IS AN UNPUBLISHED |
| CORRECTIONS: WARDENS RANDY | ) OPINION AND SHALL NOT |
| BLADES; ALBERTO RAMIREZ; KENNETH | ) BE CITED AS AUTHORITY |
| BENNETT; A. DEWAYNE SHEDD; SGT. | ) |
| MICHAEL GEISEL; C.O.R. MEIN HARDT; | ) |
| ASHLEY ZORTMAAN; LARISSA PFEIFER, | ) |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Judgment dismissing complaint, affirmed.

Michael T. Hayes, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; M. Karin Magnelli, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Michael T. Hayes appeals from the district court's dismissal of his civil rights complaint alleging that he was deprived of access to the courts through actions of prison officials. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hayes is an inmate in the custody of the Idaho Department of Correction (IDOC). On February 21, 2014, Hayes filed a pro se prisoner civil rights complaint identifying 42 U.S.C. § 1983 as the basis of his claim. He alleged that various prison officials (Respondents)

1

deliberately and intentionally interfered with his constitutional right of access to the courts on numerous occasions. Hayes alleged that Respondents deprived him of access to his legal files, delayed the completion of photocopy requests, failed to timely pick up and deliver legal correspondence, failed to timely process grievances, denied phone calls to his attorney, denied notary service, and removed legal files from his cell. Hayes's complaint sought declaratory and injunctive relief, as well as millions of dollars in damages.

Respondents filed a motion to dismiss, along with a supporting affidavit, as well as a motion to stay discovery pending the court's determination on their motion to dismiss. In response, Hayes filed memoranda in opposition to Respondents' motion to dismiss and motion to stay discovery. He also filed a motion for a protective order. In dismissing Hayes's complaint for failure to state a claim upon which relief may be granted, the district court also denied all other pending motions. Hayes appeals.

## II.

## ANALYSIS

Hayes pursues this appeal pro se and thus advances numerous claims of error on the part of the district court. However, his contentions generally advance the following two issues for our consideration: (1) that the district court erred in dismissing his claim that he was denied access to the courts; and (2) that the district court erred by not allowing Hayes to amend his complaint prior to dismissal. We address each issue in turn.

### A. Access to the Courts

In dismissing Hayes's complaint under Idaho Rule of Civil Procedure 12(b)(6), the district court found that Hayes failed to sufficiently allege that Respondents caused an "actual injury," as required for a claim of deprivation of access to the courts.

As an appellate court, we will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the

plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

When a district court considers affidavits submitted in connection with the motion to dismiss under I.R.C.P. 12(b)(6), it is converted into a motion for summary judgment. I.R.C.P. 12(b); *Glaze v. Deffenbaugh*, 144 Idaho 829, 831, 172 P.3d 1104, 1106 (2007). We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

3

essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* have been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

In his complaint, Hayes contended that Respondents engaged in conduct that resulted in the violation of his constitutional right of access to the courts. It is well settled that prisoners have a constitutional right of limited access to the courts. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Drennon v. Hales*, 138 Idaho 850, 853, 70 P.3d 688, 691 (Ct. App. 2003). To state an access to the courts claim, prisoners must allege (1) official action that has frustrated or impeded a prisoner's nonfrivolous legal claim, and (2) the prisoner has suffered an actual injury as a result. *Lewis*, 518 U.S. at 353-55. To establish actual injury, the prisoner must identify a nonfrivolous, arguable underlying claim that was lost or inadequately settled. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Moreover, the underlying claim must be one attacking a conviction, sentence, or conditions of confinement. *Lewis*, 518 U.S. at 355 (holding "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration"). The actual injury element is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349.

Here, Hayes alleged that Respondents deprived him of access to his legal files, delayed the completion of photocopy requests, failed to timely pick up and deliver legal correspondence, failed to timely process grievances, denied phone calls to his attorney, denied notary service, and removed legal files from his cell. As a result of these alleged actions, Hayes argued that he was delayed in filing documents with the court and missed both filing and statutory deadlines. The district court found that not only did Hayes not specify the underlying causes of action or intended causes of action that were frustrated, he also did not provide sufficient information for the court to ascertain whether those claims were nonfrivolous.

In reviewing Hayes's complaint, we note that his allegations sufficiently identify the actions by Respondents that allegedly impeded or frustrated his attempts to pursue legal action.

However, this is not enough. Before a prisoner's constitutional right of access to the courts is implicated, the prisoner must identify the nonfrivolous, arguable underlying legal claim that was either lost or inadequately settled. Many of Hayes's contentions reference missed court deadlines and untimely pleadings without identifying which specific legal proceedings or underlying claims that were frustrated. These generally pled allegations do not sufficiently identify an "actual injury" as is required to state a claim for relief.

We do note, however, that some of Hayes's allegations reference specific underlying claims that were frustrated. In one instance, Hayes argued that he missed a two-year statute of limitations deadline on a property deprivation claim arising when he was deprived of personal property and commissary items. But this contention also fails. To satisfy the "actual injury" requirement under *Lewis*, Hayes had to show that the underlying claim was a nonfrivolous, arguable claim. Thus, to establish a nonfrivolous property deprivation claim, Hayes had to allege sufficient facts to demonstrate that a deprivation of his property occurred. *See Briggs v. Kempf*, 146 Idaho 172, 176, 191 P.3d 250, 254 (Ct. App. 2008). Hayes's broad legal conclusion that he was "deprived of personal property," without more, is not enough to state a property deprivation claim. *See Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 136, 106 P.3d 455, 462 (2005) (holding "the Court is not obligated to assume that a plaintiff's *legal conclusions* or *arguments* are also true"). Moreover, being deprived of commissary items does not rise to the level of a civil rights violation sufficient to establish "actual injury." *See Briggs*, 146 Idaho at 177, 191 P.3d at 255.

In another instance, Hayes alleges that he missed various filing deadlines in cases that were pending in federal court for civil rights violations under 42 U.S.C. § 1983. But to satisfy the "actual injury" requirement, Hayes was required to establish that his underlying claims were either lost or inadequately settled. Hayes did not allege, nor does the record support finding, that any of the missed deadlines or untimely filings resulted in the loss or inadequate settlement of his underlying claims. Despite Hayes's contention that he missed summary judgment deadlines in the three federal cases he cites, in all three of those cases the court nonetheless considered his untimely filed pleadings in deciding the summary judgment motions. Hayes cannot establish that he was actually injured by his untimely filings.

Therefore, we conclude that the district court did not err in finding that Hayes failed to state a claim upon which relief could be granted. The record before us indicates that there is no

5

genuine issue of material fact to support Hayes's contention that Respondents impeded his access to the courts.[1]

**B.      Amended Complaint**

Hayes next argues that the district court erred by not allowing him to amend his complaint prior to dismissal. Pursuant to Idaho Rule of Civil Procedure 15(a), a party may amend a pleading as a matter of course at any time prior to the filing of a responsive pleading. A district court's refusal to allow amendment of a complaint is reviewed for an abuse of discretion. *Youngblood v. Higbee*, 145 Idaho 665, 667, 182 P.3d 1199, 1201 (2008).

In this case, Hayes never attempted to file an amended complaint nor did he move for permission to amend his complaint. In response to Respondents' motion to dismiss, Hayes restated the claims from his original complaint and argued that Respondents' motion was frivolous. Based on the record before the district court, there was nothing to indicate that Hayes wanted to amend his original complaint. Hayes cannot assert for the first time on appeal that the district court should have granted him leave to amend his complaint when such a motion was never before the court. *See id.* at 668, 182 P.3d at 1202. Therefore, Hayes has failed to show that the district court erred.

**C.      Attorney Fees**

The Respondents have requested an award of attorney fees on appeal pursuant to I.C. § 12-121. Fees may be granted under that statute if the court is left "with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Thomas v. Madsen*, 142 Idaho 635, 640, 132 P.3d 392, 397 (2006). Having reviewed the record, we conclude that this standard is satisfied here; therefore, attorney fees in defending against this appeal are awarded to Respondents.

---

[1]      Although Hayes advances additional factual allegations on appeal to bolster his claims, we are limited to the evidence, theories, and arguments that were presented to the district court. *See Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007).

### III.
### CONCLUSION

Hayes has failed to demonstrate error in the district court's dismissal of his complaint. Therefore, the judgment of the district court is affirmed and we award attorney fees and costs to Respondents.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.