**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45391 & 45645**

| | |
|---|---|
| CREDIT BUREAU OF EASTERN IDAHO, Inc., an Idaho corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JESSE ACEDO, <br><br> Party Aggrieved-Respondent, <br><br> and <br><br> CHARLEANE A. HERMOSILLO and JESSE HERMOSILLO, husband and wife, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **Filed: November 26, 2018** <br><br> **Karel A. Lehrman, Clerk** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge. Hon. Mark Rammell, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming orders granting third-party claim of exemption and awarding attorney fees on intermediate appeal, <u>affirmed</u>.

Smith, Driscoll & Assoc., PLLC, Idaho Falls, for appellant. Bryan N. Zollinger argued.

Larren Covert, Idaho Falls, for respondent.

LORELLO, Judge

In these consolidated appeals, Credit Bureau of Eastern Idaho, Inc. (CBEI) appeals from the orders of the district court, on intermediate appeal from the magistrate, granting Jesse

1

Acedo's third-party claim of exemption and the district court's order awarding attorney fees on intermediate appeal. For the reasons set forth below, we affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Charleane A. Hermosillo and her child incurred medical expenses that were unpaid. The unpaid debt was assigned to CBEI. In an effort to collect on that debt, CBEI filed a complaint in April 2009. The complaint named the defendants as "Charleane A. Hermosillo and John Doe, wife and husband." When the complaint was served at Charleane's address, it was delivered to Jesse Acedo. The process server submitted an affidavit of service indicating that the complaint was served on "Jesse Hermosillo - Husband - (John Doe)." CBEI, therefore, moved to amend the complaint to reflect the defendants' names as "Charleane Hermosillo and Jesse Hermosillo, wife and husband." After neither defendant answered the complaint, CBEI sought and obtained a default judgment against "Charleane A. Hermosillo and Jesse Hermosillo, wife and husband" in the amount of $6,291.78. Of the $6,291.78, $3,381.57 was for the principal on the debt, $1,147.16 was for interest, $1,585.05 was for attorney fees, and $178.00 was for fees.

Within a week of obtaining the judgment, CBEI filed an application for order of continuing garnishment and an affidavit in support of writ of execution. The magistrate entered an order "against the employer of Charleane Hermosillo" for garnishment of "Charleane Hermosillo's disposable earnings from H-K Contractors." Because CBEI did not receive any money from its writ of execution,[1] it filed an application for an order of examination. The magistrate entered an order of examination directed to Charleane Hermosillo and a separate order of examination directed to Jesse Hermosillo. The examinations were scheduled for August 5, 2009.

According to an affidavit filed by CBEI's counsel, Jesse Acedo met with counsel on August 5, 2009, and Jesse informed counsel that his surname was Acedo, not Hermosillo, "that he and Charleane Hermosillo had a child together" and that "a majority of the bills that were a cause of this action were for the child of Jesse and Charleane Hermosillo." Two weeks later, on August 19, 2009, CBEI filed an application for order of continuing garnishment requesting an

---

[1]     Presumably, CBEI did not receive any money from this writ because Charleane Hermosillo was not employed at H-K Contractors.

order of garnishment against "Jesse Hermosillo a.k.a. Jesse Acedo." The affidavit in support of writ of execution filed with the application was for $6,489.41, reflecting $197.63 in additional fees and interest added since the original judgment was entered. The magistrate entered an order for continuing garnishment in that amount against "Jesse Hermosillo a.k.a. Jesse Acedo's disposable earnings from H-K Contractors."

In September 2009, Acedo's attorney sent CBEI a letter advising CBEI that it was improperly garnishing Acedo's wages for a judgment that was not entered against him. In response, CBEI sent a letter to Acedo's attorney stating that the amount attributable to "Jesse's child" was $1,400.42 plus $214.86 in prejudgment interest plus "prorated" fees and costs, including $565.39 in attorney fees, $112.36 in costs, and $46.41 in post-judgment interest for a "total amount" of $2,339.44.

By March 2010, $3,543.68 of Acedo's wages from H-K Contractors had been garnished for payment on the judgment. That same month, CBEI filed an application for order of continuing garnishment in relation to Charleane Hermosillo. Additional payments of $1,012.97 were made on the judgment from subsequent garnishments from Acedo's wages, voluntary payments from Acedo,[2] and $196.10 garnished from Charleane Hermosillo's wages. By February 2012, a total of $4,556.65 was paid on the judgment.[3] Due to accruing interest and fees associated with CBEI's collection efforts, the balance due in February 2012 was $2,862.41.

In March 2012, Acedo filed a third-party claim of exemption after he received a notice of garnishment from his credit union advising him that $2,378.00 from his checking and savings

---

[2]     According to an affidavit filed by counsel for CBEI, counsel's assistant contacted "Jesse" in May 2011, at which time "Jesse" "agreed to make voluntary payments of $200.00 per month," but "Jesse" contacted counsel's office in June 2011 and "changed his payment amount to $50.00," and "Jesse" subsequently sent $50.00 checks to counsel in June and July 2011. Those checks were written to Bryan Smith, who appears to be a member of the firm that represents CBEI.

[3]     At one point in the proceedings, counsel for CBEI submitted an affidavit stating that, on March 9, 2010, Acedo provided employment information for Charleane Hermosillo and that CBEI "agreed to release the continuous garnishment against him and agree[d] to seek garnishment against Charleane." Counsel for CBEI further averred that CBEI "release[d] the garnishment against Jesse Acedo as agreed." The record indicates that further garnishments were taken from Acedo after this date.

3

accounts was being held subject to the writ of execution and garnishment filed by CBEI on the judgment entered against "Charleane Hermosillo and Jesse Hermosillo, wife and husband." The accompanying documents prepared by CBEI and submitted by the sheriff to the credit union represented that Jesse Acedo was an alias for Jesse Hermosillo, that the court had entered judgment against "Charleane Hermosillo and Jesse Acedo," and that the clerk of court issued a writ of execution against "Charleane Hermosillo and Jesse Acedo" on August 24, 2011.[4] CBEI objected to Acedo's claim of exemption. In a supporting affidavit, counsel for CBEI averred that the credit union contacted him in March 2012 "to confirm that they had attached the correct account" to the garnishment because "[n]either the names Charleane and Jesse Hermosillo nor Jesse Acedo was the correct name of the account holder for the account number listed on the notice of garnishment, which was taken from the checks remitted to [counsel's] office." Counsel's "assistant confirmed Jesse's social security number with the social security number of the account holder and it matched." The credit union thereafter "attached the accounts based on his social security number[,] not his name."

The magistrate held a hearing on Acedo's third-party exemption claim. The minutes of that hearing reflect that the magistrate ordered "the money be held in trust - until this gets figured out" and stayed continuing garnishment. The minutes also indicate the motion for exemption was "denied" and the matter was "set aside" for lack of service. CBEI subsequently submitted an order stating Acedo's claim of exemption was denied and requiring that "the funds attached by the writ of execution" be retained in a trust account for twenty-one days after the date of the hearing "to allow defendant sufficient time to file any motions desired"; the magistrate signed that order on April 24, 2012. Two days later, $2,378.00 was garnished from Acedo's credit union accounts, and one day after the garnishment, CBEI recorded a satisfaction of judgment.

Acedo moved to set aside the April 24, 2012 order, asserting it did not accurately reflect the magistrate's ruling at the exemption hearing and that the order was submitted to the court

---

[4] The August 24, 2011, writ of execution ordered garnishment of "Jesse Hermosillo a.k.a. Jesse Acedo's disposable earnings from H-K Contractors." The writ did not order or reference garnishment of Acedo's credit union accounts, nor did the application for the order request such garnishment. However, another writ of execution was signed by the magistrate on February 29, 2012, authorizing execution on personal or real property of the debtor.

4

without notice to Acedo. The magistrate set the April 24, 2012 order aside. Acedo subsequently filed a motion to set aside the judgment, which the magistrate granted. The magistrate concluded that the judgment was void as to Acedo because he was not properly served. The magistrate directed CBEI to return all funds obtained from Acedo as part of the judgment. CBEI appealed to the district court. On intermediate appeal, the district court held that the magistrate "correctly concluded the default judgment was void due to defects in the pleadings served," but the magistrate erred in failing to make a finding that the motion to set aside was timely under I.R.C.P. 60(b)(4). The district court, therefore, remanded to the magistrate for further proceedings consistent with the district court's appellate decision. The district court also awarded CBEI costs, pursuant to I.A.R. 40, but not attorney fees.

Following remand, Acedo filed a renewed third-party claim of exemption rather than pursuing his previous motion to set aside the judgment. The magistrate granted Acedo's request for a third-party exemption and ordered "the funds attached and obtained from Jesse Acedo be returned immediately," excluding previous garnishments and voluntary payments. The magistrate stated: "The returned funds are in the amount of $2,378.00."[5] The magistrate denied the parties' requests for attorney fees on the third-party claim of exemption. CBEI again appealed to the district court. The district court affirmed the magistrate, concluding that Acedo, as a third-party, had no standing to set aside the judgment and was exempt from the judgment.[6] Thereafter, the district court awarded costs and attorney fees to Acedo pursuant to I.A.R. 40 and I.C. § 12-120. CBEI appeals the district court's decision affirming the magistrate's order granting Acedo's third-party exemption claim (Docket No. 45391), and also appeals the district court's decision awarding costs and attorney fees on intermediate appeal (Docket No. 45645).

---

[5] As a result of the magistrate's decision on Acedo's third-party exemption claim, CBEI moved to set aside the satisfaction of judgment and filed a motion to renew the judgment; the magistrate granted both motions while the second appeal to the district was still pending.

[6] The parties also litigated an award of attorney fees the magistrate entered against CBEI in relation to Acedo's motion to set aside the April 24, 2012 order, which the district court vacated. That issue is not before this Court on appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*.

## III.

## ANALYSIS

CBEI contends the district court erred in affirming the magistrate's order granting Acedo's third-party claim of exemption rather than finding Acedo's Rule 60(b) motion to set aside the judgment was untimely. CBEI also contends that the district court erred in awarding Acedo attorney fees on intermediate appeal and that it is entitled to fees and costs on appeal. Acedo responds that the district court's challenged decisions were correct and he requests attorney fees and costs on appeal. We hold that CBEI has failed to show error in the district court's decision affirming the magistrate because Acedo is a third party to this action and, as such, he was not subject to the default judgment. The district court properly awarded attorney fees to Acedo on intermediate appeal, and we award costs and attorney fees to Acedo on this appeal.

### A.      Rule 60(b) Motion

CBEI's primary argument is that the magistrate erred by disregarding the district court's initial appellate decision remanding for a determination of the timeliness of Acedo's Rule 60(b) motion and, instead, granting Acedo's renewed request for a third-party exemption. CBEI, therefore, contends that the district court erred on the second appeal by affirming the magistrate's decision. CBEI cites no authority to support its claim that the district court erred in

this regard. Instead, CBEI argues the merits of whether the Rule 60(b) motion was timely in the first instance. That question is not properly before this Court because Acedo abandoned his Rule 60(b) motion following remand from the first intermediate appeal. As a result, neither the magistrate nor the district court decided this issue. Moreover, CBEI renewed the judgment while the second intermediate appeal was pending. The existence of the renewed judgment necessarily means the judgment was no longer "set aside." This Court will not review an alleged error on appeal where there is no adverse ruling to consider. *Johnson v. Crossett*, 163 Idaho 200, 207, 408 P.3d 1272, 1279 (2018). Because the second intermediate appeal, from which this appeal was taken, does not involve an adverse ruling on a motion to set aside the judgment, we decline to consider CBEI's claims regarding the timeliness of the Rule 60(b) motion.

**B.      Third-Party Claim of Exemption**

CBEI only challenges the third-party claim of exemption to the extent it contends Acedo was a party to the judgment rather than a third party and to the extent it contends the magistrate had no authority to address the third-party exemption claim on remand. We reject both of CBEI's challenges to the third-party claim of exemption.

It is clear from the record that Acedo is not a party named in the judgment. The only parties named in the judgment are CBEI (the plaintiff) and "Charleane Hermosillo and Jesse Hermosillo, wife and husband" (the defendants). It is undisputed that Acedo is not and never was Charleane A. Hermosillo, Jesse Hermosillo, or Charleane A. Hermosillo's husband. CBEI's arguments that Acedo is nevertheless a party, *i.e.*, a judgment debtor, are based on Acedo's receipt of the complaint, summons, and judgment; his acknowledgment that he owed a debt for his daughter's medical expenses; and his voluntary payments on the debt. In essence, CBEI's claim is that, because Acedo knew that he owed money for his daughter's medical expenses and that CBEI was attempting to collect payment on that debt, this was sufficient to make him a defendant on the judgment. CBEI relies on *Youngblood v. Higbee*, 145 Idaho 665, 182 P.3d 1199 (2008), to support this argument. *Youngblood* is distinguishable.

In *Youngblood*, the plaintiff filed a complaint naming "Big O Tires" as a defendant and served the complaint on Big O Tires, Inc. *Id.*, at 667, 182 P.3d at 1201. Big O Tires, Inc. moved for summary judgment, arguing it was not properly named in the complaint because "Big O Tires" was not an entity and, alternatively, arguing it was entitled to summary judgment because

7

it was not involved in the negligent act alleged by the plaintiff. The district court granted Big O Tires, Inc.'s motion for summary judgment. On appeal, the plaintiff argued that Big O Tires, Inc. should be estopped from claiming it was entitled to summary judgment based on the omission of "Inc." from its name in the complaint. *Id.* at 668, 182 P.3d at 1202. The Idaho Supreme Court agreed, concluding that Big O Tires, Inc. had adequate notice of the lawsuit. *Id.* The Court reasoned that, although the complaint did not name Big O Tires, Inc. by its legal name and inaccurately described the location of its business in Idaho, Big O Tires, Inc. was served, filed an answer, and moved for summary judgment, which indicated it understood the plaintiff was bringing a negligence claim against it based on the actions of its franchisee. *Id.* at 668-69, 182 P.3d at 1202-03. Thus, there was every indication that the complaint was sufficient to put Big O Tires, Inc. on notice of the lawsuit. *Id.* at 669, 182 P.3d at 1203.

Unlike *Youngblood*, the complaint CBEI filed was not sufficient to put Acedo on notice that CBEI was filing a lawsuit against him. The complaint did not name Acedo at all. Rather, the complaint was filed against "Charleane A. Hermosillo and John Doe, wife and husband" and alleged, in relevant part:

> 3. The Doe defendant is sued herein under a fictitious name. *The fictitiously named Doe defendant, whose true name is unknown, is the spouse of the defendant, Charleane Hermosillo*, who incurred the debt sued upon in furtherance of and for the benefit of the community between the defendants, or is otherwise liable for the amounts sued upon. Accordingly, the Doe defendant is liable for the debts sued upon, and the plaintiff will amend this complaint by inserting the true name when the Doe defendant's true name is ascertained.
> 4. At all times mentioned herein the plaintiff was, and still is, a licensed and bonded collector under the laws of the State of Idaho, and before the commencement of this action the debts herein sued upon were assigned by Madison Memorial Hospital, Madison Physician Services, and Medical Recovery Services to the plaintiff for the purpose of collection. The plaintiff is now holder thereof for such purposes. *The defendants are husband and wife who incurred the debts as alleged herein for community purposes*.

(Emphasis added.)

Neither the caption nor the contents of the complaint put Acedo on notice that he was a defendant to this action because Acedo was not named in the complaint and was not Charleane

8

Hermosillo's husband.[7] Nor did the complaint provide any allegations regarding the nature of the medical expenses incurred--it only included total amounts owing to three different entities. Acedo did not file an answer to the complaint or otherwise respond until after judgment was entered against "Charleane A. Hermosillo and Jesse Hermosillo, wife and husband." It was after the entry of judgment and CBEI's initiation of collection efforts that Acedo explained to CBEI that he was not Jesse Hermosillo and acknowledged that his daughter had incurred medical expenses. CBEI cannot rely on post-judgment conduct to establish that Acedo had proper prejudgment notice of its lawsuit. If CBEI wished to obtain a judgment against Acedo, it could have attempted to do so when it learned of Acedo's relationship to the debt in August 2009, but CBEI cannot unilaterally change the name of a defendant after entry of judgment. Because Acedo is not a defendant on the judgment, he is a third party to this suit and the judgment may not be executed against him.

CBEI's procedural challenge to the third-party claim of exemption also fails. CBEI's argument on this point is similar to its Rule 60(b) argument in that CBEI contends the magistrate lacked authority to take any action on remand other than deciding whether Acedo's Rule 60(b) motion was timely. CBEI cites no authority to support this assertion. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Even if we consider CBEI's implied, but unsupported, argument that Acedo had to file a motion to reconsider or an appeal from the April 24, 2012 order purporting to deny the third-party exemption if he wished to pursue it, we reject that argument. Acedo did not move to reconsider or appeal the April 24, 2012 order because he moved to set it aside--a motion the magistrate granted. Thus, even if the April 24, 2012 order could be viewed as a denial of the initial motion for a third-party exemption, the order was set aside, and Acedo's request for an exemption remained pending. Nothing precluded Acedo from renewing that request after the

---

[7]     CBEI has argued that Acedo identified himself to the process server as Charleane Hermosillo's husband. Acedo denied making such a representation. The magistrate found insufficient evidence that Acedo represented himself in this manner.

9

case was remanded to the magistrate. CBEI has failed to show the district court erred in affirming the magistrate's order granting Acedo's request for a third-party claim of exemption.[8]

## C. Attorney Fees and Costs

CBEI contends the district court erred in awarding Acedo attorney fees on intermediate appeal. In addition, CBEI requests costs and attorney fees on this appeal. Acedo asserts that he was properly awarded attorney fees on intermediate appeal to the district court and that this Court should also award him costs and attorney fees. We hold that Acedo was properly awarded attorney fees by the district court on intermediate appeal, and Acedo is entitled to costs and attorney fees on appeal to this Court.

### 1. Attorney fees on intermediate appeal

The district court determined that Acedo, as the prevailing party, was entitled to costs and attorney fees on intermediate appeal pursuant to I.A.R. 40, I.A.R. 41, and I.C. § 12-120. CBEI contends the district court's attorney fee award[9] was erroneous because it mistakenly treated Acedo's third-party claim of exemption under I.C. § 11-203 as a third-party claim under I.C. § 12-120(2). CBEI argues that, under I.C. § 11-203, a prevailing party may only recover costs, not attorney fees. When an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies. *Stout v. Key Training Corp.*, 144 Idaho 195, 196, 158 P.3d 971, 972 (2007). The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde*, 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct. App. 2000).

Attorney fees are awardable only where they are authorized by statute, contract, or court rule. *Capps v. FIA Card Servs., N.A.*, 149 Idaho 737, 744, 240 P.3d 583, 590 (2010). Idaho Appellate Rule 41 sets forth the procedure for awarding attorney fees in appeals, but does not provide authority to award fees. *Swanson v. Kraft, Inc.*, 116 Idaho 315, 322, 775 P.2d 629, 636

---

[8] Acedo does not challenge the magistrate's determination that Acedo was only entitled to return of the $2,378.00 garnished from his credit union accounts, but was not entitled to return of previous garnishments or voluntary payments.

[9] Although both parties reference costs in conjunction with the attorney fee award on intermediate appeal, it does not appear the district court ultimately awarded costs as defined by I.A.R. 40(b) because Acedo did not submit any costs for reimbursement. Nor does CBEI raise an express challenge to any costs awarded on intermediate appeal. Rather, CBEI's argument focuses on Acedo's entitlement to attorney fees on intermediate appeal.

(1989). Acedo's request for attorney fees on intermediate appeal was made pursuant to I.C. §§ 12-120(1)-(3) and I.C. § 12-123. Section 12-120(1) authorizes attorney fees to the prevailing party in any action where the amount pleaded is $35,000 or less. Section 12-120(2) applies the award provision from Section 12-120(1) to counterclaims, cross-claims, or third-party claims filed after the initiation of the original action. Section 12-120(3) authorizes attorney fees to the prevailing party in any civil action to recover on certain accounts and transactions. In its appellate opinion, the district court concluded Acedo "is entitled to reasonable attorney fees under I.C. § 12-120 as the prevailing third-party claimant in an appeal pertaining to a civil case in which the amount in controversy is under $35,000.00." In its subsequent memorandum decision addressing the specific attorney fee amount requested, the district court referenced subsections (1)-(3) of I.C. § 12-120, but did not cite a particular provision in concluding Acedo was entitled to attorney fees. CBEI contends that Acedo was not entitled to attorney fees under I.C. § 12-120(2) because he was not a third-party claimant as contemplated by that subsection. We need not address this argument because Acedo was entitled to attorney fees under I.C. § 12-120(1) and/or I.C. § 12-120(3) since he prevailed on the cause of action CBEI pursued against him. Nothing in the plain language of I.C. § 12-120 required Acedo to meet the criteria of subsections (1), (2), *and* (3) before he was entitled to attorney fees as the prevailing party.

CBEI's argument that I.C. § 11-203 precluded an award of attorney fees for Acedo also fails. Idaho Code Section 11-203(b) provides that a prevailing party at a hearing on a third-party claim of exemption may be awarded costs. We have previously rejected the argument that I.C. § 11-203 provides for the exclusive basis for any award of post-judgment attorney fees. *Action Collection Servs., Inc. v. Bigham*, 146 Idaho 286, 289, 192 P.3d 1110, 1113 (Ct. App. 2008). Nothing in the plain language of I.C. § 11-203(b) forecloses awarding attorney fees to a prevailing party under I.C. § 12-120. *See Action Collection*, 146 Idaho at 289-90, 192 P.3d at 1113-14. CBEI has failed to show error in the district court's award of attorney fees to Acedo on intermediate appeal.

### 2. Attorney fees and costs on appeal to this Court

Both parties request attorney fees and costs on appeal to this Court. Because Acedo is the prevailing party in this appeal, he is entitled to costs pursuant to I.A.R. 40. Acedo is also entitled to attorney fees on this appeal for the same reasons he was entitled to attorney fees in

conjunction with the intermediate appeal. Conversely, CBEI is not entitled to costs or attorney fees because it is not the prevailing party. *See* I.A.R. 40; I.A.R. 41; I.C. §§ 12-120(1), (2), (3), and (5).

## IV.

## CONCLUSION

Because this appeal does not involve an adverse ruling on a motion to set aside the judgment, we decline to consider CBEI's claims regarding the timeliness of Acedo's Rule 60(b) motion. CBEI failed to show error in the magistrate's order granting Acedo's third-party claim of exemption or in awarding Acedo attorney fees on intermediate appeal. Therefore, the orders of the district court, on intermediate appeal from the magistrate, granting Acedo's third-party claim of exemption and the district court's order awarding attorney fees on intermediate appeal are affirmed. As the prevailing party, Acedo is awarded costs and attorney fees on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.